SARGENT ET AL., APPELLANTS, *v.* UNITED TRANSPORTATION
COMPANY ET AL., APPELLEES.

(No. 77AP-720—Decided March 9, 1978.)

*Mr. Thomas L. Veigel,* for appellants.
*Messrs. Crabbe, Brown, Jones, Potts & Schmidt,* and
*Mr. Vincent J. Lodico,* for appellees.

STRAUSBAUGH, J.   This is an appeal by plaintiffs from·
a judgment in the Common Pleas Court in favor of defendants.  The record indicates that between 3:30 and 3:45 p. m.
on Friday, February 28, 1975, defendant Herbert G. Osborne, a cab driver for 21 years, was operating a Hills
Cab, owned and operated by defendant, United Transportation Company, dba Hills Cab Company, east on Ward Road
in Columbus; that defendant Osborne was an employee of
defendant United Transportation Company; that Ward
Road, which passes through a residential section of Columbus, is straight, level, and paved; that the accident took
place in the daylight; that the asphalt road surface was
dry and that there were no adverse weather conditions
existing at the time.

The record further indicates that defendant Osborne,
while operating his cab east on Ward Road just east of
the intersection with Keffer, struck plaintiff Lori Sargent,
then age four, in a school crossing zone, at the intersection
of Ward Road and the driveway leading to 2165 Ward Road,
which is the first driveway east of the intersection; that

immediately preceding the accident Lori Sargent was playing with a small bicycle with two trainer wheels with a girlfriend on the sidewalk across the street. Defendant Osborne, apparently the only adult eyewitness, testified that as he approached east on Ward from the Nicely residence he did not recall seeing any children playing along the street, nor did he notice two little girls playing on the sidewalk just past that intersection; that when he first saw Lori Sargent she was right at the edge of the driveway in in front of him, approximately 75 to 100 feet from the intersection; that she was just coming into the street on her bicycle when he first saw her out of the corner of his eye; that it appeared that the bicycle was too much for her; and that he was on the right side of the street because there were no parked cars.

Defendant Osborne stated that he did not recall sliding, ''I recall hitting the brakes and letting up on the brakes because I thought —the little girl disappeared and I figured she would be under the wheels, and I didn't want to slide them on her.'' The record further indicates that Osborne had driven his cab on Ward Road twice a day for five months preceding the accident to pick up and return a school girl who lived on that street. He testified that the area was residential and that a lot of children lived in the area and play upon the street.

Lori's mother, Debbie Sargent, testified that Lori was wearing an orangish-colored coat and a bright orange hat.

At the conclusion of the trial on the question of liability only tried to the court without benefit of the jury, the trial court made the following oral finding, which was later incorporated in the court's judgment entry:

'' *** In my view this case boils down to two basic propositions.

''The Court finds that the Defendant driver was aware of the possibility that children would be present and possibly playing in the area where this accident took place. The driver's view of the surroundings from where the child rode the bicycle into the street was in large measure (Tr-91) unobstructed.

''The driver should have reasonably anticipated 'child-

ish' conduct from the children playing in the area. But it appears to be undisputed that he did not focus on the children who were at play near the 2165 Ward Road address and apparently in plain view on that sidewalk from a distance of a hundred to a hundred and fifty feet west of said address.

"The Court would note that this conclusion, that is to say, the foregoing conclusion is drawn inferentially from all of the circumstances in evidence. The pivotal question before the Court is whether the driver of the taxicab should be charged with ordinary care or a higher degree of care. I would refer counsel to discussion of this particular question found at 6A, O. Jur. 2d 245, a case cited and discussed therein.

"If the standard of care in this case is the norm, that is to say, of ordinary care only, the Court cannot find on these facts negligence on the part of the driver since the driver in this particular situation simply could not have avoided the sudden darting child which came into the taxicab's path.

"On the other hand, if the driver is to be charged with a higher duty than that of ordinary care, then this Court would find for the Plaintiff in that if the Defendant driver had exercised a high degree of care and watchfulness (Tr-92), he would have or should have observed the children at play, driven his car or taxicab in a defensive manner and probably would have avoided this unfortunate accident.

"As a matter of law, this Court believes that ordinary care is the standard to be applied in this particular situation and, accordingly, judgment must be rendered for the Defendants. ***"

Plaintiffs bring two assignments of error:

"1. In a negligence case, where it is proved that a driver knew or should have known of the presence of small children in the area, and that the view of the immediate area of the accident was relatively unobstructed, and that the driver did not avoid striking a four year old girl who was apparently in plain view, it is error for the trial court to render judgment in favor of the driver and against the plaintiffs.

"2. The trial court's conclusions of law and judgment is inconsistent with the findings of facts made by the court, thereby requiring a reversal of the judgment of the trial court."

The Supreme Court in the first paragraph of the syllabus in *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125, held that the amount of care required to discharge a duty owing to a child of tender years exposed to danger is necessarily greater than that required to discharge a duty to an adult exposed to the same danger. Although *Di Gildo* dealt with the duty owed by a landowner to his social guests, and the manner of securing a parked vehicle in a driverway, coupled with the failure to warn of the condition of the vehicle, we find the law as set forth by the Supreme Court to be applicable to the facts in this case. The child in both cases was four years of age. The court in its opinion in *Di Gildo*, at page 127, stated:

"Liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party.***

"The amount of care required of a person to establish whether he has discharged his duty to another is variously referred to as the 'amount of caution,' the 'degree of care' or the 'standard of conduct' which an ordinarily careful and prudent person would exercise or observe under the same or similar circumstances. * * *

"Regardless of the precise label, the amount of care required to discharge a duty owed to a child of tender years is necessarily greater than that required to discharge a duty owed to an adult under the same circumstances. This is the approach long followed by this court and we see no reason to abandon it. 'Children of tender years, and youthful persons generally, are entitled to a degree of care proportioned to their inability to foresee and avoid the perils that they may encounter. The same discernment and foresight in discovering defects and dangers cannot be reasonably expected of them, that older and experienced persons habitually employ; and therefore, the greater precaution should be taken, where children are

exposed to them.' 39 Ohio Jurisprudence 2d 512, Negligence, Section 21. * * *"

The court went on to state that a host who invites a social guest to his premises owes the guest the duty to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises. The court further states:

"* * * But what is ordinary care to avoid injury to an adult may not be ordinary care to avoid injury to an infant. * * * (Page 128.)

In the present case, we find that the statement of the trial court as to the applicable law to be applied is incomplete. While it is true that the degree of care or the standard of conduct which an ordinarily careful and prudent person would exercise or observe under the same or similar circumstances, in this case the defendant driver, is the exercise of *ordinary* care not to cause injury to a person in plain view on a sidewalk, the amount of care required to discharge a duty owed to a child of tender years is necessarily greater than that required to discharge a duty owed to an adult under the same circumstances. In other words, the duty owed by a driver to an adult on a sidewalk is certainly much less than the duty owed by a driver to a child of tender years and youthful persons playing on a sidewalk because the same discernment and foresight in comprehending dangers cannot be reasonably expected of children that adult persons habitually employ and, therefore, greater precautions must be taken where children are exposed to danger from passing traffic. In this case, we find plaintffs' first assignment of error to be not well taken, inasmuch as we cannot say as a matter of law that it is error for the trial court to render a judgment in favor of the driver and against plaintiffs.

We sustain plaintiffs' second assignment of error. We find that the trial court's conclusions of law are incomplete and therefore the judgment of the trial court is reversed and remanded to the trial court for an application by the trial court of the court's findings of fact as applied

to the correct conclusions of law as set forth in this decision. We therefore find that plaintiffs' second assignment of error is well taken and therefore sustained, the judgment is reversed, and the cause is remanded to the Common Pleas Court for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

WHITESIDE and REILLY, JJ., concur.

WHITESIDE, J., concurring. Although I concur in the opinion and judgment, a few additional observations are appropriate.

The first assignment of error is, in my opinion, not well taken only because the trial court made no express finding as to whether plaintiff Lori Sargent, a child of tender years, was in plain view. The trial court found only that the child was "apparently in plain view," thus making no express factual determination of the issue.

As to the second assignment of error, the trial court's findings are unclear as to the standard of care it applied since it stated: "If the standard of care in this case is the norm, that is to say of ordinary care only, the Court cannot find on these facts negligence on the part of the driver."

Although the standard of care may be called ordinary care, it is not "the norm" in this case. The degree of care required varies with the age of the person to whom the care is owed.

The degree of care required to discharge a duty owed to a child of tender years not only is greater than that required to discharge the duty owed to an adult under the same circumstances, but also is necessarily greater than that required to discharge the duty owed to an older child under the same circumstances. A child of tender years is, as a matter of law, incapable of exercising care for his own safety. *Holbrook* v. *Hamilton Distributing, Inc.* (1967), 11 Ohio St. 2d 185, and *DeLuca* v. *Bowden* (1975), 42 Ohio St. 2d 392. As stated in *Di Gildo* v. *Caponi* (1969),

18 Ohio St. 2d 125, the defendant owed to the minor child of tender years that "degree of care proportional to" her inability to foresee and avoid perils such as she here encountered.

Whether the label "ordinary care" is used, defendant was required to use a higher degree of care in discharging his duty to the minor child of tender years than he would be required to use if an adult or an older child was involved. It does not appear that the trial court applied the proper standard of care. Giving its findings the most favorable construction possible, it would appear that it applied the standard of care owed to an older child, rather than that owed to a child of tender years.

Accordingly, I concur in the opinion and judgment.