KING ET AL., APPELLANTS, *v.*
BRANCH MOTOR EXPRESS COMPANY, APPELLEE.

(No. 6711—Decided November 19, 1980.)

*Mr. Michael R. Eckhart, Messrs. Stoecklein & Koverman*
and *Mr. John R. Koverman, Jr.,* for appellants.

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. James F.
Barnhart,* for appellee.

ZIEGEL, J.   On the afternoon of November 18, 1976, as
Kathleen M. King, age nine, was crossing Spaulding Road near
the intersection of Spaulding Road and Woodbine Avenue in
Dayton, Ohio, she was struck and seriously injured by defen-
dant's truck, which was then being operated by its employee,
George Green. Kathleen, through her next friend, Richard A.
King, and Richard A. King, individually, filed suit against the
defendant-appellee, Branch Motor Express Company. The mat-
ter came on for trial before a jury on January 22, 1980. The jury

returned a verdict for the defendant, pursuant to which the judgment entry was filed on February 5, 1980; from that judgment entry, this appeal has been perfected.

Appellants set forth the following assignments of error:

"I. The trial court erred when it charged the jury on contributory negligence when such issue was not raised by the defendant in their [sic] answer or otherwise raised by the defendant.

"II. The trial court erred in not including in its instructions to the jury the request of plaintiffs with regard to what a driver should anticipate when a driver knows or should know that children are in the vicinity.

"III. The trial court erred in not including in its instruction to the jury the request of plaintiffs with regard to the degree of care of a driver when children are known to be or reasonably expected to be in the vicinity.

"IV. The trial court erred when it failed to give plaintiffs' requested instructions to the jury on unreasonable speed limits.

"V. The trial court erred when it permitted testimony by defendant's expert as to the calibration of the speedometer of the truck and skid tests and as to the speed of the truck at the time the brakes were applied."

Four of these assignments of error concern the judge's charge to the jury. The fifth assignment of error involves an evidentiary question, which, having chronologically occurred before any jury charge questions arose, will be considered first.

During the trial, appellee called William E. Billings, a mechanical engineer specializing in traffic accident reconstruction. No question is raised as to his professional qualifications. Appellants objected to several aspects of his testimony.

Using the same truck involved in the accident, Billings conducted an experiment which placed the truck in a driving pattern similar to that preceding the accident and then had the driver slam on the brakes to cause the truck to skid. From the speed of the truck, the existing weight of the truck, and the length of the skid marks so produced, as compared with the known lengths of the skid marks created when driver Green applied the brakes on the same truck immediately prior to his

striking appellant Kathleen M. King, Billings established the speed of the truck at the time of the accident. The first step in this experiment consisted of calibrating the speedometer on the truck. Appellants objected on the ground that there was no evidence offered concerning whether the speedometer in the truck on May 19, 1977, the day when the experiment was conducted, was the same speedometer that was in the truck on the day of the accident, November 18, 1976.

It is apparent that appellants misunderstood the purpose of the experiment. It was not to test speedometer accuracy: it was to obtain an estimate of speed from skid mark lengths. The purpose of calibrating the particular speedometer that happened to be in the truck on May 19, 1977, whether or not it was the same speedometer that was in the truck on November 18, 1976, was to establish its accuracy with relationship to its reading and actual miles-per-hour speed. In this case, it was determined that when the speedometer registered 30 miles per hour, the vehicle was actually going 30.9 miles per hour. From this information, the expert knew that if he had the truck driver operate the truck at a speedometer reading of 30 miles per hour, at which speed the brakes would be applied heavily to cause the vehicle to skid, the comparison of the length of the skid mark thus produced with the known length of the skid mark produced in a similar braking at the time of the accident would have to be adjusted mathematically to compensate for the fact that the test vehicle's speedometer reading was nine-tenths of a mile short of actuality in order to determine the actual speed of the truck at the time of the accident.

In their reply brief, appellants stated that Billings used the figure of "4,664 pounds" as being the weight of the truck at the time of the accident; whereas, according to appellants, there was no testimony as to the weight of the truck at the time of the accident. The record does establish, however, from Billings' own testimony, that he figured the weight of the truck as of the time of the accident from the bill of lading for the load. The driver, Green, also gave an estimate of the weight the truck was carrying.

It is well settled that questions regarding the admissibility of expert or experiment evidence are within the sound discretion of the trial court and will not be disturbed on appeal ab-

sent a showing of abuse of discretion. There was no such showing here. Further, the jury was properly instructed on how to evaluate assumed facts which form the basis for an expert's opinion.

Appellants' fifth assignment of error is not well taken.

The first assignment of error objects to the trial judge's charge to the jury on contributory negligence. Under Civ. R. 8(C), contributory negligence is an affirmative defense which should be specifically set forth in a responsive pleading. In the case *sub judice,* appellee did not either plead contributory negligence in its answer or move to amend its answer pursuant to Civ. R. 15(A). Appellants properly objected at appropriate times to the inclusion in the court's general charge to the jury of any contributory negligence instruction. The trial court overruled these objections, stating that "I must instruct on it because it came out in evidence presented by the plaintiff[s] and by the defendant. * * * "

Appellants rely primarily on *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55, which involved the statute of limitations as an affirmative defense. Under Civ. R. 8(C), regarding the pleading of an affirmative defense in a responsive pleading, both the defense of the statute of limitations and the defense of contributory negligence, among others, are specifically defined as affirmative defenses. In *Mills,* the defendant did not plead the statute of limitations in its answer, but the defendant did plead that the complaint failed to state a claim against the defendant upon which relief could be granted. At the trial, after all pleadings were in and the issues drawn, defendant moved for a dismissal on the ground that the complaint showed, on its face, the bar of the statute of limitations, and argued the applicability of Civ. R. 12(B). The trial court overruled the motion to dismiss. The Court of Appeals reversed the trial court, and the Supreme Court reversed the Court of Appeals.

After pointing out two decisions on this subject rendered prior to the advent of the Civil Rules on July 1, 1970, *i.e., Wentz* v. *Richardson* (1956), 165 Ohio St. 558, and *Aetna Cas. & Sur. Co.* v. *Hensgen* (1970), 22 Ohio St. 2d 83, Justice Corrigan summarized the Supreme Court's conclusions as follows:

"A clear distinction exists in the Civil Rules between the

194

affirmative defense of the bar of the statute of limitations pursuant to Civ. R. 8(C), and a Civ. R. 12(B)(6) defense. The purpose behind the allowance of a Civ. R. 12(B) motion to dismiss based upon the statute of limitations is to avoid the unnecessary delay involved in raising the bar of the statute in a responsive pleading when it is clear on the face of a complaint that the cause of action is barred. The allowance of a Civ. R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense. If the bar of the statute is not raised either by motion before pleading or affirmatively in a responsive pleading, or by amendment made under Civ. R. 15, then the defense is waived under Civ. R. 12(H), *as are all other affirmative defenses which a party may present.* [Emphasis added.]

"This result is in accord with the pre-Civil Rules procedure established by this court in the *Hensgen* decision above. To hold otherwise would effectively place the burden of affirmatively pleading compliance with the statute of limitations upon the plaintiff, contrary to the express mandate of Civ. R. 8(C), and contravene the intent of the Ohio Civil Rules to expedite the formulation of issues prior to trial.

"In the present case, appellee's [defendant's] oral motion to dismiss, made at trial, was not timely made pursuant to Civ. R. 12(B), and the defense of the statute of limitations is waived pursuant to Civ. R. 12(H)." *Mills* v. *Whitehouse Trucking Co., supra,* at 59-60.

Pursuant to that part of the *Mills* opinion underlined above—"as are all other affirmative defenses which a party may present"—its holding is clearly intended to apply to all other affirmative defenses. Thus, appellants argue that appellee should have, by proper pleading, affirmatively set forth its defense of contributory negligence; and since it did not so plead, under Civ. R. 12(H), it must be considered to have waived that defense. Civ. R. 12(H) provides:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has made no motion, by responsive pleading or an amendment thereof made as a matter of course under Rule 15(A), except (1) the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the defense of lack of jurisdiction of the subject matter, and the

objection of failure to state a legal defense to a claim, may be made by a later pleading, if one is permitted, by motion for judgment on the pleadings or at the trial on the merits; and except (2) whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

The language of Civ. R. 12(H) seems quite clear. Obviously, the exceptions stated therein do not apply to the case before us. In *Mills,* as above quoted, the reference is to "Civ. R. 15"; while in Civ. R. 12(H), reference is to Civ. R. 15(A). However, subsection (A) of Civ. R. 15 authorizes amendments to pleadings *before* trial. Since *Mills* mentions that the intent of the " * * * Ohio Civil Rules [is] to expedite the formulation of issues prior to trial," *id.,* at 60, it must also have been referring to subsection (A) of Civ. R. 15. That being so, it follows that the appellee herein must be considered to have waived the defense of contributory negligence, with the result that the trial court erred in charging the jury on that subject.

All that has been said in the preceding paragraph, however, is made unclear when considered in the light of Civ. R. 15(B), which provides, in pertinent part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. * * * "

Emphasizing the finding of the trial court that the issue of contributory negligence was "throughout the trial" (a conclusion with which, after reading the record, we agree), appellee contends that such issue was tried with the "implied consent of the parties," and that, therefore, pursuant to Civ. R. 15(B), it was the duty of the trial court to treat the issue of contributory negligence "in all respects as if [it] * * * had been raised in the pleadings," so that the instruction to the jury on contributory negligence was not only warranted but mandated. In this respect, appellants argue that they were entitled to some advance notice that appellee was relying on the defense of contributory negligence, and that if they had known that con-

tributory negligence was in the case they would have been prepared with rebutting testimony.

Standing alone, Civ. R. 15(B) apparently means what appellee claims it means. When it speaks of "issues not raised by the pleadings," the word "issues" is not classified into those issues which pertain to the claim and those issues which are a part of the defense. From that point of view, no issue is ever waived: if the evidence in a case produces it, it is there; and the pleadings, whether for the complainant or for the defense, may be amended to conform, either formally or by implication. Such a construction of Civ. R. 15(B), would, however, completely emasculate Civ. R. 12(H), and would make the holding of *Mills, supra,* appear foolish.

Civ. R. 12(H) is entitled "Waiver of defenses and objections." From the text of this Rule, it is apparent that, in promulgating this Rule, the Supreme Court intended that, at some point prior to the actual trial on the issues, defenses and objections, under stated circumstances, be considered to have been waived. The decision in *Mills* confirms this intention.

Appellee has cited several federal cases which permitted affirmative-defense issues which were not pleaded, but clearly in evidence, to be submitted to the jury. In *Shelley* v. *Union Oil Co.* (C.A. 9, 1953), 203 F. 2d 808, the trial court instructed on contributory negligence although that defense was not pleaded. In affirming, the Court of Appeals for the Ninth Circuit, citing Fed. R. Civ. P. 15(b), which is nearly identical in text with Ohio Civ. R. 15(B), held that the issue was brought into the case by implied consent, and that the charge, being consistent with the evidence, was proper. Paragraph 4 of the editorial headnotes reads:

"Where issues are actually tried without objection that they are not raised by pleadings, pleadings may be deemed on appeal to have been amended. * *. * "

To the same effect, see *Mains* v. *United States* (C.A. 6, 1975), 508 F. 2d 1251, certiorari denied (1978), 439 U. S. 981, also cited by appellee. Likewise, see *Wagner* v. *United States* (C.A. 7, 1978), 573 F. 2d 447, a case of a later vintage, in which the defense of a statute was not pleaded. During the trial both sides argued the applicability of the crucial statute. The court held that " * * * under Fed. R. Civ. P. 15(b), the issue was tried by implied consent and should be treated as if it had been raised in the pleadings. * * * " *Id.,* at 452.

While Fed. R. Civ. P. 15(b), which was construed in these cases, is nearly identical with Ohio Civ. R. 15(B), the problem with these federal cases as authority for the position which appellee here seeks to have us uphold is that there is no counterpart to the provisions of Ohio Civ. R. 12(H) in the federal rules. The Staff Note for Ohio Civ. R. 12(H) points out that it was " * * * patterned after §60-212(g) and (h) of the Kansas Rules of Civil Procedure because the Kansas approach is shorter and clearer than either the pre-1966 or the present Federal rule. * * * "

None of the Ohio cases which we, as a result of our own research, have examined that have applied Civ. R. 15(B) to the amendment of pleadings have extended the liberal amendment procedure to a defensive pleading of an affirmative defense. In *Steinbeck* v. *Philip Stenger Sons, Inc.* (1975), 46 Ohio App. 2d 22, the trial court charged on punitive damages for which no claim had been made in the pleadings. After concluding that the punitive damage issue was clearly within the evidence, the Court of Appeals held, *id.*, at pages 31-32, pursuant to Civ. R. 15(B), that there was no error. It is noted that the amendment to the pleading that was approved in that case was to the plaintiffs' claim, not to the defendant's defense. To the same effect, see *Singer* v. *Scholz Homes, Inc.* (1973), 36 Ohio App. 2d 125. In *Murray* v. *Marbro Builders, Inc.* (1977), 53 Ohio App. 2d 1, 7, the defendant was permitted, after the evidence was submitted at trial, to amend his counterclaim.

Appellee has also cited two pre-Civil Rules, Ohio Supreme Court cases which adopted the point of view taken by the trial judge in the case *sub judice* and permitted an instruction to the jury on the issue of contributory negligence even though that issue was not pleaded, but became an issue in the case by virtue of the evidence. See *Fries* v. *Cincinnati Street Ry. Co.* (1941), 138 Ohio St. 537, and *Snyder* v. *Stanford* (1968), 15 Ohio St. 2d 31. We consider that these cases have been, if not overruled as such, at least held to be no longer applicable because of the adoption of Civ. R. 12(H) and the interpretation placed upon it by the Supreme Court in *Mills* v. *Whitehouse Trucking Co.*, *supra* (40 Ohio St. 2d 55).

We hold, therefore, that even though the evidence produced in a case clearly establishes a potential issue of contributory negligence, if the defendant has not pleaded the af-

firmative defense of contributory negligence by responsive pleading as required by Civ. R. 8(C) or by amendment to that responsive pleading as a matter of course under Civ. R. 15(A), that defense is deemed to have been waived as provided in Civ. R. 12(H); and that, under such circumstances, it is prejudicial error for the trial court, over objection, to charge the jury on the issue of contributory negligence. Accordingly, we conclude that appellants' first assignment of error is well taken.

Appellants' remaining assignments of error deal with requests that they made for certain instructions to the jury, which requests were denied. In each case, the reason the trial judge gave for denying the requests was that the substance of the requested instruction was included in the court's general charge. As stated in the second assignment of error, appellants requested the following instruction:

"A motorist who knows or should know from the circumstances that children may be reasonably expected to be in the vicinity must anticipate childish conduct."

This requested instruction is a direct quote from this court's decision in *James* v. *Franks* (1968), 15 Ohio App. 2d 215, at 218. It contains a correct statement of the law and should have been given unless its substance was otherwise included in the court's general charge.

In the same subject area of care owed children is the rejected requested charge which forms the basis for appellants' third assignment of error:

"The degree of care cannot be reasonably expected of children that older and experienced persons habitually employ and therefore greater precaution should be taken when a person knows, or should, from the circumstances know, that children may reasonably be expected to be in the vicinity."

In each of these cases, appellee contends that the trial court covered the area involved in appellants' request for charges in the instructions the court actually did give:

"There is a legal duty to exercise ordinary care to avoid injuring another.

"Ordinary care is that degree or amount of care which a reasonably prudent person is accustomed to use under the same or similar circumstances. You will observe that ordinary care has a relative meaning. It is the degree or amount of care that an ordinarily cautious and prudent person would use under the same or similar circumstances.

"Another way to describe negligence is the failure to use ordinary care. The reciprocal, the amount of care required increases in proportion to the danger that should reasonably be foreseen. The test is still that of ordinary care under the circumstances.

" * * *

"Children do not exercise the same degree of care for their own safety as do adults. In the exercise of ordinary care, the defendant should anticipate the ordinary behavior of children of the same or similar age as would be anticipated by a person of ordinary prudence under the same circumstances. The defendant must have exercised a degree of care commensurate with the circumstances existing at the time he was traveling Spaulding Road."

The purpose of appellants' requested charge to the jury, exemplified in their third assignment of error, was to advise the jury that since the same degree of care ordinarily used by adults for their own safety cannot be expected of children, persons conducting activities where children are or may reasonably be expected to be, must exercise greater caution to avoid injuring a child than would be necessary to avoid injuring an adult. We believe the charge actually given by the court to the jury accomplished all that appellants' requested charge would have accomplished; and, therefore, appellants' third assignment of error is overruled.

For the same reason, we overrule appellants' second assignment of error.

Appellants' fourth assignment of error also deals with a request for instructions that was not granted, to the effect that a "rate of speed less than that fixed by statute may under certain circumstances be unreasonable." The instruction that the court gave was:

" * * * [The] prima facie lawful speed is 35 miles an hour on Spaulding Road. This rule does not relieve the driver, in this case the defendant, Mr. Green, from the duty to drive with due regard for the safety of all persons using the street or highway."

We see no significant difference between what the court actually stated and what appellants' counsel requested that he state. The fourth assignment of error is likewise overruled.

Prior to the adoption of the Civil Rules, under the statute, it was held that the court must give the special instruction re-

quested by counsel in the exact language of counsel if the instruction is legally correct. *Washington Fidelity National Ins. Co.* v. *Herbert* (1932), 125 Ohio St. 591. Under Civ. R. 51(A), the court may now incorporate all or part of the requested charge " * * * in its own words in the appropriate place in the general * * * [charge], or omit it altogether if redundant, repetitive, or unnecessary * * * ." *Hensler* v. *B. & O. RR. Co.* (1973), 39 Ohio App. 2d 146, 155.

For the reasons given in connection with our discussion of appellants' first assignment of error, the judgment of the Court of Common Pleas of Montgomery County is reversed, and this cause is remanded to that court for a new trial in accordance with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

SHERER, J., concurs.

CRAMER, P. J., dissents.

ZIEGEL, J., retired, of the Court of Common Pleas of Preble County, SHERER, J., retired, of the Second Appellate District, and CRAMER, P. J., retired, of the Court of Common Pleas of Butler County, were assigned to active duty under authority of Section 6(C), Article IV, Constitution.