## Wagoner v. Gresko
*[Cite as 3 AOA 315]*

*Case No. 88-L-13-26*
*Lake County, (11th)*
*Decided May 18, 1990*

Paul V. Wolf, Seymour R. Brown, Seymour R. Brown & Assoc., 720 Statler Officer Tower, 1127 Euclid Avenue, Cleveland, Ohio 44115, for Plaintiffs-Appellants.

Martin J. Murphy, Davis and Young, Co., L.P.A., 1700 Midland Building, 101 Prospect Avenue West, Cleveland, Ohio 44115, for Defendant-Appelslee.

BASINGER, J.

Plaintiffs-appellants filed an appeal alleging error in instructions to the jury and in the verdict involving an action filed as a result of a pedestrian-vehicular accident.

Appellant, Christina Wagoner, was dismissed from her classes at McKinley Elementary School in Willoughby, Ohio on October 31, 1985, at approximately 2:30 p.m. Appellant was a five-year old kindergartner on the day in question.

Appellant left McKinley Elementary School and walk along a path which ran between the school and South Beachview Road. Appellant's family lived on the north side of South Beachview Road. Appellant crossed over South Beachview Road and commenced walking towards her house on the wrong side of the street.

An older child had been hired to walk appellant to and from school, but the record does not reveal where the older child was at the time of the accident.

Appellee, Belinda Gresko, was driving down South Beachview Road as appellant was walking home. Appellee, who had resided on South Beachview for several years, was proceeding at approximately twenty miles per hour. Appellee saw appellant walking across the lawns on the south side of the roadway as she drove down the street.

South Beachview Road is a very narrow street with no curb and only a narrow berm of varying widths on either side. Appellee testified that she saw appellant approach the berm and stop there. At this point, appellee took her foot off the gas and turned her car towards the left-hand side of the road as appellant started to cross the street.

Appellee stated that she saw the child enter the street and she hit her brakes and turned her wheel in an attempt to avoid the girl. Appellee's vehicle struck appellant. Appellant suffered a broken femur, as well as abrasions and scratches. Her injuries were treated through three weeks of hospital care.

On September 24, 1987, appellant, through her parents, filed suit against appellee. Appellant's parents also sued for loss of services. The case was tried to a jury on September 19, 1988. At the close of appellant's case, denied and appellee rested without presenting evidence. The jury returned a verdict for appellee, and judgment was so entered. After the denial of their motion for a new trial or judgment notwithstanding the verdict, appellants timely filed the following assignments of error:

"1. The trial court erred to the prejudice of the plaintiffs-appellants in instructing the jury in accordance with Ohio Jury Instruction 245.01.

"2. The trial court erred to the prejudice of the appellants in failing to instruct the jury that a child under seven years of age is incapable of either primary or contributory negligence as a matter of law and instructing the jury as to the degree of care required of children generally.

"3. The judgment is both contrary to all the evidence and against the manifest weight of the evidence."

In appellant's first assignment, they contend that the trial court erred in instructing the jury in accordance with Ohio Jury Instruction 245.01. This instruction states in pertinent part:

"b. DEGREE OF CARE. Children do not exercise the same degree of care for their own safety as do adults. In the exercise of ordinary care the defendant should anticipate the ordinary behavior of children (of the same or similar age) as would be anticipated by a person of ordinary prudence under the same circumstances. The defendant must exercise a degree of care commensurate with such circumstances.* * *"

Appellants object to this instruction on the grounds that it conflicts with case law which they find in *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125 and *Sargent* v. *United Transportation Co.* (1978), 56 Ohio App. 2d 159.

Appellee argues that appellants failed to properly preserve their objection because they failed to properly make their objection with the court.

Civ. R. 51(A), in pertinent part, sets forth the requirement for preserving objections to jury instructions as follows:

"A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

The record in the case *sub judice* contains significant colloquy between the court and counsel on the composition of the proposed jury instructions. This discussion encompassed the question of the correct standard of care in a case concerning a child of tender years. When the trial court initially stated its decision not to use appellants' proposed instructions, counsel for appellants objected and proffered suggested instructions. Appellants have fulfilled the obligations of Civ. R. 51(A) as it relates to the first assignment of error.

The trial court's decision to use Ohio Jury Instruction 245.01 was based, in large part, on *King* v. *Branch Motor Express Co.* 70 Ohio App. 2d 190. In *King,* the Second District Court of Appeals examined a case in which a nine-year-old was struck by a truck driven by one of the defendants. The appellant in *King* requested jury instructions which would have mandated a higher duty of care when a child in the vicinity, requesting an instruction from *James* v. *Franks* (1968), 15 Ohio App. 2d 215, 218, which states that a motorist who knows, or should know, that a child is present, "must reasonably anticipate childish conduct". He also requested a charge which stated that a high degree of care should be

taken by a driver who knows that a child is in the vicinity.

The trial court in *King* chose not to give the requested instructions as the Ohio Jury Instruction 245.01 "accomplished all that appellants' requested charge would have accomplished." *King,* at 199. The Second District affirmed the trial court on this question.

Appellants contend that the holding of *King* contradicts the holding of *Di Gildo, supra.* The Ohio Supreme Court, in *Di Gildo,* stated, in the first paragraph of the syllabus, that:

"The amount of care required to discharge a duty owing to a child of tender years exposed to danger is necessarily greater than that required to discharge a duty to an adult exposed to the same danger." Similar language was used in *Sargent, supra.*

As stated in *Sargent* and *Di Gildo,* the amount of care required to discharge a duty owed to a child for tender years is certainly greater than that owed to an adult under the same circumstances "Children of tender years, and youthful persons generally, are entitled to a degree of care proportioned to their inability to foresee and avoid the perils that they may encounter." *Sargent,* at 162. *Sargent,* however, goes on to state:

"* * *While it is true that the degree of care or the standard of conduct which an ordinarily careful and prudent person would exercise or observe under the same or similar circumstances * * * is the exercise of *ordinary* care not to cause injury * * *, the *ordinary* care not to cause injury * * *, the amount of care * * * owed to a child of tender years is necessarily greater than that required to discharge a duty owed to an adult under the same circumstances* * *" *Sargent,* 163. (Emphasis original.)

Similarly, *Di Gildo* notes:

"The * * * duty requires the host to exercise *ordinary* care. But what is ordinary care to avoid injury to an adult may not be ordinary care to avoid injury to an infant.* * *" *Di Gildo,* at 128. (Emphasis in original.)

The standard of care which emerges from *Sargent* and *Di Gildo* is that of an ordinary person apprehending that there is a child in the vicinity of potentially perilous activity. An ordinary person, considering these situations, will understand that children will not act with the amount of deliberation and foresight of an adult. However, no cited material mandates a duty of care in tort cases involving children other than ordinary care.

Examination of the instruction given by the trial court indicates that it reminds the jury of the nature of children and specifies that, in using ordinary care, a defendant must take into account this inherent childish nature. The language of Ohio Jury Instruction 245.01(b) comforts to the holding of *Di Gildo, supra.*

We find that Ohio Jury Instruction 245.01(b) properly sets forth the standard of care, as well as the parameters for properly exercising that degree of care when children are involved. The trial court correctly instructed the jury as to the standard to be followed in the case *sub judice.*

Appellants' first assignment is without merit.

In the second assignment of error, appellants argue that the trial court erred in failing to instruct the jury that a child under seven years of age could not be either primarily or contributorily negligent.

A review of the record indicates that the reason the trial court refused to give the instruction in question was that the question of appellants' contributory negligence was not an issue. Appellants dispute this pronouncement, claiming that the appellee asserted contributory negligence as an affirmative defense and that appellee brought up the issue in closing arguments to the jury.

In the appellee's answer to appellants' complaint, one of the affirmative defenses raised was that the accident was solely and proximately caused by the conduct of the appellant. This raised the issue that the injury resulted from an unavoidable accident, as alter argued by appellee. However, the issue of contributory negligence was not raised as such, and the jury was not instructed on this issue.

Appellee asserts that the defense of accident in no way implies that appellant was negligent. Appellee asserts that appellant crossing the street was merely the proximate cause of the accident and was to be considered as an element of causation.

Appellee did not comment on contributory negligence in her opening statement and presented no evidence which would support a finding of the affirmative defense. The trial judge was correct in assuming that the defense of contributory negligence was not an issue and in denying the instruction request. This issue was reviewed by the trial court and a proper decision was made based upon what was then before the trial court. The decision was stated by the trial court in conference prior to closing arguments of counsel.

Subsequent comments made by appellee's counsel in closing arguments are perilously close to stating that appellants were contributorily negligent. Had the appellants requested the added instruction after appellee's closing argument, their contentions and requests for additional instructions might be more credible. However, appellants failed to renew their request for the additional instruction in light of the statements of appellee during closing. Consequently, they have failed to preserve their objection under Civ. R. 51.

We also consider whether the error as alleged rises to the level of "plain error" in light of appellee's comments during closing arguments. While we have concerns about the propriety of appellee's arguments, and his suggestions as to appellant's negligence, we feel that any error in not giving an additional instruction was not "plain error."

The doctrine of "plain error" is to remedy a manifest miscarriage of justice. The doctrine is to be implemented with utmost caution to correct judicial proceeding when error is clearly apparent on the face of the record. *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220. We cannot say that the error as alleged in appellants' second assignment of error rises to this level.

Appellant's second assignment is without merit.

In their final assignment of error, appellants contend that the verdict was against the manifest weight of the evidence. This court has noted in *Kinney* v. *Mathias* (1984), 10 Ohio St. 3d 72, 73-74:

"The law in Ohio is clear that an appellate court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence. *Landis* v. *Kelly* (1875), 27 Ohio St. 567; *State, ex rel. Shady Acres Nursing Home, Inc.,* v. *Rhodes* (1983), 7 Ohio St. 3d 7. Moreover, if the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St, 2d 279 [8 O.O.3d 261]; *State, ex rel. Shady Acres Nursing Home, Inc.,* supra.

Examination of the record indicates that the jury verdict was supported by competent, credible evidence and, therefore, appellants' final assignment is without merit.

For reasons as stated, we affirm the judgment of the trial court.

*Judgment affirmed.*

CHRISTLEY. P.J., MAHONEY, J., concur.