OPINION
Plaintiff-appellant, the Nadalin Company, appeals from a decision of the Ohio Court of Claims finding no liability for damages and entering judgment for defendant-appellee, Administrator, Ohio Bureau of Employment Services.
Appellant filed a complaint on December 4, 1997, alleging that appellee was negligent for losing appellant's business records and seeking damages. Appellee filed an answer on February 3, 1998, denying any liability. Both parties filed pre-trial statements. The trial was held before the Ohio Court of Claims on January 25, 1999. In a decision filed July 26, 1999, the trial court found that appellant failed to prove that appellee was liable for any damages in that appellant was seventy-five percent contributorily negligent for the loss of its business records. Appellant filed a timely notice of appeal.
On appeal, appellant asserts three assignments of error:
Assignment of Error No. 1
 trial court erred by failing to rule on Plaintiff-Appellant's Claim of Conversion.
Assignment of Error No. 2
 The trial court erred, in considering matters not before the court, since the affirmative defense of contributory negligence was waived and therefore not properly before the court.
Assignment of Error No. 3
 The trial court's judgment is against the manifest weight of the evidence since there exists no competent and credible evidence to support the judgment.
Appellant was awarded a 1.7 million dollar contract to construct a gymnasium at Rio Grande Community College in January 1992. A prevailing wage complaint was filed against appellant on February 25, 1993, relating to this construction contract. Appellee assigned the investigation of the complaint to inspector Linda M. Gay; however, she did not contact appellant until July 19, 1995, when she wrote to appellant seeking business records necessary to investigate the prevailing wage complaint. Appellant designated employee Teresa Pickens to work with Gay to provide the records that appellee sought. After several telephone conversations with Gay to clarify which records appellee needed, Pickens delivered six boxes of original documents to Gay. Pickens testified that she and Gay went through all six boxes together and that she left the records with Gay. Subsequently, appellant made repeated inquiries to determine the status of the investigation and to obtain the return of its business records. In a letter dated December 10, 1996, appellee informed appellant that it was unable to locate appellant's records and that, as a result, it was closing the prevailing wage investigation. Appellee apologized to appellant for the loss of its records and informed appellant that it had changed its policy to prohibit investigators from removing original records. Eventually, appellee located and returned some of appellant's business records.
In appellant's first assignment of error, it argues that the trial court erred by failing to rule on its claim for conversion. We agree.
Appellant argues that the trial court erred by failing to rule on its conversion claim when it was raised inherently by the language of its complaint and when it presented evidence at trial proving each element of the claim. Appellee counters that the trial court did not err by not addressing the conversion claim because appellant failed to plead conversion specifically in its complaint and did not ask the trial court to amend the pleadings to conform to the evidence under Civ.R. 15(B). The trial court did not address a claim for conversion in its July 26, 1999 decision.
Conversion is the wrongful exercise of dominion or control over the property of another in denial of or under a claim inconsistent with the owner's rights. Bench Billboard Co. v. Columbus (1989),63 Ohio App.3d 421, 428. To prove a claim for conversion of property lawfully held by another, the owner of the property must show that a demand was made for the return of the property and that the holder of the property refused to return the property to the owner. Ohio Tel. Equip. Sales, Inc. v. Hadler Realty Co. (1985), 24 Ohio App.3d 91, 94. InHadler, this court noted that, in the absence of a specific legal duty to return the property, a party asserting a claim for conversion must demonstrate some affirmative act by the defendant in order to prove conversion. Id. at 93. Here, a bailment was created when appellee took possession of appellant's business records and, as such, appellee owed appellant a duty to return the property. See, e.g., Bacote v. Ohio Dept.of Rehab. Corr. (1988), 61 Ohio Misc.2d 284, 286 (holding that, when the state takes possession of an inmate's property, a bailment is created that gives rise to a duty to return or otherwise account for the property). Thus, because appellee owed a legal duty to appellant to return appellant's business records, appellant did not have to prove some affirmative act by appellee in order to prove conversion.
As appellee asserts, appellant's complaint did not specifically raise a claim for conversion. Both the complaint and appellant's pretrial statement focused on claims of negligence. Additionally, appellant did not make a motion under Civ.R. 15(B) to amend the pleadings to conform to the evidence. However, a review of the transcript reveals that conversion was clearly at issue in the hearing before the trial court. Appellant presented evidence on the issue of conversion, and appellee did not object to the introduction of this evidence. Moreover, appellee's counsel acknowledged in his opening statement that conversion was at issue: "I believe this is a conversion type of case. And as I understand the law on conversion, the law is very clear: The plaintiff is entitled to damages actually sustained entitled * * * to damages actually sustained and no more." Under Civ.R. 15(B), amendments to the pleadings may be made to reflect the evidence presented at trial for issues tried by express or implied consent of the parties.
In State ex rel. Evans v. Bainbridge Twp. Trustees (1983),5 Ohio St.3d 41, paragraph two of the syllabus, the Supreme Court of Ohio noted that "implied consent is not established merely because evidence bearing directly on an unpleaded issue was introduced without objection; it must appear that the parties understood the evidence was aimed at the unpleaded issue." Moreover, the Supreme Court of Ohio indicated that amendment of the pleadings will not be permitted under Civ.R. 15(B) when it results in substantial prejudice to a party. Id. at paragraph one of the syllabus. In Evans, the Supreme Court of Ohio provided factors for a trial court to consider in determining whether the parties consented to litigate an issue: "[w]hether they recognized that an unpleaded issue entered the case; whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be tried on a different theory; and, whether the witnesses were subjected to extensive cross-examination on the issue." Id.
Here, based upon the Evans factors, we find that the claim of conversion was tried by consent of the parties. Clearly, appellee recognized that conversion was an issue in the case and acknowledged as much in the opening statement of its attorney. Appellee also had the opportunity to address the issue and cross-examine witnesses on the issue of conversion; however, appellee chose instead to concede that it was at fault for the loss of appellant's business records and to argue that appellant could not prove any damages. Thus, appellee was not prejudiced by an amendment to the pleadings to reflect a conversion claim. The fact that appellant made no motion to amend is not dispositive in that Civ.R 15(B) provides that "[f]ailure to amend as provided herein does not affect the result of the trial of these issues." Appellant believed that it had pleaded conversion in its complaint and presented evidence on the claim, and the statements of appellee's counsel at trial indicate that it was aware of the conversion claim. Additionally, as appellant argues, the trial court appears to have inadvertently overlooked the conversion claim. The trial court did not issue a decision until six months after the trial and could not have reviewed the transcript of the hearing, which was not filed until a month after the trial court issued its decision.
Thus, we conclude that the trial court erred by not ruling on appellant's conversion claim. Consequently, appellant's first assignment of error is sustained.
In appellant's second assignment of error, it argues that the trial court erred by entering judgment for appellee on the basis of the affirmative defense of contributory negligence when appellee waived that defense by not affirmatively pleading it. We agree.
Appellant argues that appellee waived the affirmative defense of contributory negligence by never asserting it in its answer or seeking the permission of the trial court to amend its pleadings. Appellee argues that, by finding appellant contributorily negligent in its decision, the trial court must have tacitly allowed appellee to amend its pleadings to include the affirmative defense of contributory negligence.
As appellant asserts, appellee did not raise the affirmative defense of contributory negligence in its answer, its pretrial statement, or its opening statement during the trial. Additionally, appellee never moved to amend its answer to include the defense of contributory negligence pursuant to Civ.R. 15(B). Under Civ.R. 8(C), affirmative defenses, including contributory negligence, must be set forth affirmatively in a responsive pleading. In Jim's Steak House, Inc. v. Cleveland (1998),81 Ohio St.3d 18, 20, the Supreme Court of Ohio held that "[a]ffirmative defenses other [than] those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings." In King v.Branch Motor Express Co. (1980), 70 Ohio App.2d 190, 197-198, the Second Appellate District held that, when a defendant fails to plead the affirmative defense of contributory negligence by responsive pleading or amendment, the defense is waived even though evidence presented at trial established a potential issue of contributory negligence. The King court found that the trial court erred by instructing the jury on contributory negligence under these circumstances and reversed the judgment of the trial court for a new trial. Id. at 198.
Here, although the trial court seemed to imply in its decision that contributory negligence must always be addressed whether properly pleaded or not, the language of R.C. 2315.19(A)(1) merely provides that contributory negligence "may be asserted as an affirmative defense to a negligence claim or to a tort claim other than a negligence claim." Other Ohio appellate courts have concluded that R.C. 2315.19 is inapplicable unless contributory negligence is raised as an affirmative defense. Aurand v. Thress (June 6, 1995), Hocking App. No. 94CA25, unreported; Carney v. McAfee (Dec. 31, 1986), Erie App. No. E-85-58, unreported, reversed on other grounds (1988), 35 Ohio St.3d 52 . Thus, a trial court cannot raise the issue of contributory negligence under R.C.2315.19 sua sponte.
Applying the Evans factors listed above in relation to appellant's first assignment of error, we find that, unlike appellant's claim for conversion, the issue of contributory negligence was not tried by consent of the parties. When appellee's counsel attempted on cross-examination to question Jeffrey Nadalin about turning over documents to appellee that appeared to have no relation to the prevailing wage claim, appellant's counsel objected, arguing that a claim of contributory negligence had not been pleaded. Appellee's counsel then abandoned that line of questioning and moved on to other matters. Thus, it is clear that appellant was surprised by appellee's attempt to raise the issue for the first time at trial and was prejudiced to the extent that the trial court used contributory negligence as the basis of its decision despite appellee not ever raising the issue prior to cross-examination and then abandoning it when appellant objected. Because contributory negligence was not pled or tried with the consent of the parties, it was waived by appellee and not properly before the trial court for consideration.
Consequently, we conclude that the trial court erred by basing its decision on contributory negligence. Thus, appellant's second assignment of error is sustained.
In appellant's third assignment of error, it argues that the trial court's decision finding it to be seventy-five percent contributorily negligent is against the manifest weight of the evidence. Because we find under appellant's second assignment of error that the trial court erred by basing its decision on contributory negligence, appellant's third assignment of error is moot.
Based upon the foregoing reasons, appellant's first and second assignments of error are sustained, while appellant's third assignment of error is moot. The decision of the Ohio Court of Claims is reversed and this cause is remanded for further proceedings consistent with this opinion.
BRYANT and LAZARUS, JJ., concur.