Feldman, Appellee, *v.* Howard; O'Hara et al., Appellants.

[Cite as Feldman v. Howard, 10 Ohio St. 2d 189.]

(No. 40293—Decided May 10, 1967.)

*Messrs. Volkema, Redmond & Wolske* and *Mr. Walter J. Wolske, Jr.,* for appellee.

*Mr. Clifford L. Rose* and *Mr. Walter J. Siemer,* for appellants.

ZIMMERMAN, J. The evidence in this case is in sharp conflict, since O'Hara was called as a witness for plaintiff and

cross-examined, and some of his testimony was unfavorable to plaintiff in important respects. Stating the evidence most favorably for plaintiff, it shows that she was in her late fifties, a mentally retarded person and epileptic and was a ward of the state of Ohio. She, with others in a similar condition, had been placed in the home and under the care of a Mrs. McCaskill who resided on the north side of East 15th Avenue in the city of Columbus.

On the rainy night of Sunday, December 27, 1959, Mrs. Mc-Caskill and several of the mentally retarded women in her care attended a church function. Pursuant to a summons, O'Hara, driving a cab belonging to the Northway Taxicab Company, picked up at the church as passengers Mrs. McCaskill and three of her mentally deficient companions and was requested to deliver them to the McCaskill residence. O'Hara had transported Mrs. McCaskill and these mentally deficient women before and allegedly knew or should have known of their disabilities. Instead of delivering his passengers at the McCaskill house, O'Hara stopped the cab on the south side of East 15th Avenue opposite such house and was paid the fare. Mrs. McCaskill and plaintiff safely left the cab from the right rear door onto the sidewalk. O'Hara remained in the cab and saw an automobile approaching along East 15th Avenue, which was later identified as the one Howard was driving. Plaintiff, against Mrs. McCaskill's remonstrances, stepped from the curb into the street and was struck and injured by the Howard automobile.

The then superintendent of the Columbus State School, a medical doctor, testified that, based on plaintiff's records, she had a mental age of approximately 10 years. Plaintiff did not testify.

On the facts narrated above, can or should liability be imposed on O'Hara, the taxicab company, or both?

It is well established that a common carrier of passengers is required to exercise the highest degree of care to provide a reasonably safe place for its passengers to alight. *Dietrich v. Community Traction Co.*, 1 Ohio St. 2d 38, 203 N. E. 2d 344; *Reuter v. Eastern Air Lines, Inc.* (C. A. 5), 226 F. 2d 443; and

*Lockhart* v. *St. Louis Public Service Co.* (Mo.), 318 S. W. 2d 177, 180.

Going a step further, in *Mahoning & Shenango Ry. & Light Co.* v. *Leedy*, 104 Ohio St. 487, 500, 136 N. E. 198, 202, it was held in effect that where a common carrier has discharged a passenger in a place of safety, at which particular place there is no danger, it is not liable for injury the passenger thereafter receives from an independent source.

Again, in the case of *Reining, Admx.*, v. *Northern Ohio Traction & Light Co.*, 107 Ohio St. 528, 140 N. E. 84, the two paragraphs of the syllabus read:

"1. Although a passenger upon a streetcar continues to be a passenger until he has accomplished the act of alighting in safety, and although the company owes him a high degree of care so long as the relation of carrier and passenger continues, such relation terminates and the duty of the company as a carrier is ended when it has discharged him safely upon the street, and the company is not responsible for dangers which subsequently arise from conditions not of its own creation.

"2. It is not the duty of a conductor or motorman to warn passengers upon leaving a streetcar at a regular stop of the danger of automobile traffic in a city street, and failure to caution such passenger of approaching automobiles will not render the company liable for injuries caused by an automobile passing the car at an excessive rate of speed and striking the passenger after he had alighted from the streetcar in safety."

Later, in *Cleveland Ry. Co.* v. *Karbole*, 125 Ohio St. 467, 181 N. E. 889, the rule was announced that, where a passenger has alighted from a streetcar in safety, the relation of carrier and passenger ceases *eo instanti,* and the carrier is not responsible where the passenger is afterwards struck by an automobile in the street.

Compare *Cleveland Rd. Co.* v. *Sebesta*, 121 Ohio St. 26, 166 N. E. 898; *Cleveland Ry. Co.* v. *Crooks*, 125 Ohio St. 280, 181 N. E. 102; *Baier* v. *Cleveland Ry. Co.*, 132 Ohio St. 388, 8 N. E. 2d 1; and *Paultanis* v. *Nutt*, 342 Mich. 335, 69 N. W. 2d 825.

In jurisdictions outside Ohio the prevailing rule is that a common carrier has the duty to discharge a passenger at a

place of safety, but after so discharging him no liability rests on the carrier for injury the passenger sustains when struck by a motor vehicle in attempting to cross a street, since the relation of carrier and passenger has ended prior to the infliction of the injuries and at a time when the passenger has become an ordinary pedestrian. *Tollisen* v. *Lehigh Valley Transportation Co.*, 234 F. 2d (C. A. 3) 121; *Trout's Admr.* v. *Ohio Valley Electric Ry. Co.*, 241 Ky. 144, 43 S. W. 2d 507; *Harris* v. *Atlantic Greyhound Corp.*, 243 N. C. 346, 90 S. E. 2d 710; *Lewis* v. *Pacific Greyhound Lines, Inc.*, 147 Ore. 588, 34 P. 2d 616, 96 A. L. R. 718; and *Corrigan* v. *Portland Traction Co.*, 157 Ore. 496, 73 P. 2d 378.

" 'To establish actionable negligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom.' " *Kauffman* v. *First-Central Trust Co.*, 151 Ohio St. 298, 306, 85 N. E. 2d 796, 800.

We have not lost sight of the fact that plaintiff is a mentally retarded person. Bearing this in mind, let us assume that O'Hara was negligent in not delivering plaintiff to the place where she resided as requested; but, when the cab stopped at the south curb on East 15th Avenue, the fare was paid, plaintiff left the cab attended by an *ostensibly normal and responsible companion* (and this is important) and reached the sidewalk safely, the incident of carriage ended. As to O'Hara and the taxicab company, it was not reasonably foreseeable or naturally to be expected that plaintiff would attempt to cross the street by herself when, where and as she did and that, in addition, she would be struck by an automobile. In the circumstances, plaintiff's injuries cannot be directly attributed to O'Hara and the taxicab company. Their conduct did no more than to create a condition and at best was only a remote cause of plaintiff's misfortune. Under the facts, the colliding automobile became an independent and intervening agency separate and apart from the transporting defendants. See *Mississippi City Lines, Inc.*, v. *Bullock*, 194 Miss. 630, 13 So. 2d 34, 145

A. L. R. 1199, a case involving a 12-year-old boy and resembling the present one in several particulars. To hold these defendants liable here would be imposing a duty on them beyond the responsibilities of carriage.

The instant case is distinguishable from *Dietrich* v. *Community Traction Co., supra* (1 Ohio St. 2d 38, 203 N. E. 2d 344), where a motorbus passenger was discharged from the vehicle near unsafe terrain. The duty to discharge the passenger initially in a safe place was an obligation of the carriage itself.

Consequently, the judgment of the Court of Appeals is reversed as to O'Hara and the taxicab company, and the judgment of the Court of Common Pleas as to them is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissents.