Dɪ Gɪʟᴅᴏ, ᴀɴ Iɴꜰᴀɴᴛ, Aᴘᴘᴇʟʟᴇᴇ, ᴇᴛ ᴀʟ., *v.* Cᴀᴘᴏɴɪ, Aᴘᴘᴇʟʟᴀɴᴛ.

(No. 68-83—Decided May 21, 1969.)

*Messrs. McGowan, Sheck & Hewitt* and *Mr. William B. Hewitt*, for appellee.

*Messrs. Olds, Olds, Lynett & Downing* and *Mr. James Olds*, for appellant.

SCHNEIDER, J. Appellant argues that infancy cannot vary a social host's duty to his guests, and that the facts in this case show no violation of a landoccupier's duty to his infant social guest, as a matter of law. We do not agree and, therefore, affirm.

Liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party. *Feldman* v. *Howard*, 10 Ohio St. 2d 189; *Grossnickle* v. *Germantown*, 3 Ohio St. 2d 96, 103; *Schell* v. *DuBois*, 94 Ohio St. 93; 39 Ohio Jurisprudence 2d 482, Negligence, Section 2.

The amount of care required of a person to establish whether he has discharged his duty to another is variously referred to as the "amount of caution," the "degree of care" or the "standard of conduct" which an ordinarily careful and prudent person would exercise or observe under the same or similar circumstances. See *Thompson* v. *Ohio Fuel Gas Co.*, 9 Ohio St. 2d 116; *Eisenhuth* v. *Moneyhon*, 161 Ohio St. 367; *Soltz* v. *Colony Recreation Center*, 151 Ohio St. 503; *Johnson* v. *Wagner Provision Co.*, 141 Ohio St. 584; *Davison* v. *Flowers*, 123 Ohio St. 89; Prosser, Torts (3 Ed.), 146, Section 30; 2 Restatement of the Law, Torts, 2d, 4, Section 281.

Regardless of the precise label, the amount of care required to discharge a duty owed to a child of tender years is necessarily greater than that required to discharge a duty owed to an adult under the same circumstances. This is the approach long followed by this court and we see no reason to abandon it. "Children of tender years, and youthful persons generally, are entitled to a degree of care proportioned to their inability to foresee and avoid the perils that they may encounter . . . . The same discernment and foresight in discovering defects and dangers cannot be reasonably expected of them, that older and experienced persons habitually employ; and therefore, the greater precaution should be taken, where children are exposed to them." 39 Ohio Jurisprudence 2d 512, Negligence, Section 21. See, also, *DeGroodt* v. *Skrbina*, 111 Ohio St. 108; *Ziehm* v. *Vale*, 98 Ohio St. 306; *Maumee Valley Rys. & Light Co.* v. *Hanaway*, 7 Ohio App. 99.

A majority of other jurisdictions also require a greater amount of care where young children may be exposed to dangers than where adults may be exposed to the same dangers. 2 Restatement of the Law, Torts, 2d, 210, Section

342, Comment b; *Brzostowski* v. *Coca-Cola Bottling Co.*, 16 App. Div. 2d 196, 226 N. Y. Supp. 2d 464; *Hetzel* v. *Buffalo Cemetery Assn.*, 16 App. Div. 2d 581, 229 N. Y. Supp. 2d 960.

The duty of a landoccupier to his social guest is stated in *Scheibel* v. *Lipton*, 156 Ohio St. 308. That duty presupposes that the amount of care will vary depending upon the circumstances, one of which is the infancy of the guest. Paragraph three of the syllabus in *Scheibel* describes a two-fold legal duty owing from social hosts to their guests, as follows:

"A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such condition."

The first duty requires the host to exercise *ordinary* care. But what is ordinary care to avoid injury to an adult may not be ordinary care to avoid injury to an infant. Likewise, the duty to warn necessarily will vary with the individual guest because the host must consider the age and infirmity of his social guest in determining his ability to know and discover dangerous conditions.

Appellant urges that the parking of the automobile on an inclined driveway created a *static* condition and was therefore not an "act or activity." We note that another court has held that the parking of an automobile in an insecure manner on an incline is an act of affirmative negligence and, therefore, a violation of a duty to a licensee. *Carney* v. *Buyea*, 271 App. Div. 338, 65 N. Y. Supp. 2d 902. However, we see no reason to rationalize a decision on semantic subtleties. In *Scheibel, supra* (156 Ohio St. 308), we rejected the rigid classification of social guests along with licensees, and asserted that the duty owed to

a social guest is higher than the duty owed to a licensee. Id. at 328-329. Thus, in this case we abjure distinctions between *static* and *active* conditions which have been considered relevant in cases involving licensees. *Hannan* v. *Ehrlich*, 102 Ohio St. 176, 187. The manner of securing a parked vehicle may amount to a negligent act or activity with respect to a social guest, especially a child of tender years. See *DeGroodt* v. *Skrbina, supra* (111 Ohio St. 108); *Tierney* v. *New York Dugan Bros., Inc.*, 288 N. Y. 16, 41 N. E. 2d 161; 8 American Jurisprudence 2d 392, Automobiles and Highway Traffic, Section 834.

Moreover, under *Scheibel, supra* (156 Ohio St. 308), the defendant's failure to warn the children to stay away from the parked car could properly have been the basis for the jury's finding. The fact of plaintiff's infancy and inability to appreciate the danger of an automobile parked on an incline is a circumstance in deciding whether one of ordinary foresight would consider the parked car a dangerous condition, giving rise to a duty to warn the plaintiff. Under the circumstances, it cannot be said, as a matter of law, either that such condition was not dangerous or that the defendant had no duty to warn the plaintiff of the condition.

In *Shannon* v. *Butler Homes, Inc.*, 102 Ariz. 312, 428 P. 2d 990, the court held that where an infant social guest collided with a sliding glass door the jury could properly find that, in view of the plaintiff's tender years and the illusion of space created by an invisible door, a hidden peril existed giving rise to a duty to warn the infant of its existence. Recently, in *Gross* v. *Bloom* (Ky.), 411 S. W. 2d 326, where an infant guest stepped into a linen closet in the bathroom of the host's home and fell through a clothes chute into the basement, the court held that evidence that children had been playing for about an hour and had made enough noise to notify the host that they were playing games and were hiding in places, including closets, created a jury question as to the host's negligence. In the instant case, evidence that appellant had knowledge that his children played with the electric window mechanism presented

a question for the jury as to whether he should have foreseen the entry of children into his car.

We recognize the conflict which these cases present. On the one hand, hospitality is to be appreciated and fostered; on the other, children are to be protected. It is one concern that an adult may wander off the usual path he would follow while a guest in a friend's home or upon his premises, and quite another that a child may do so. In the latter case, greater caution in warning of danger is ordinarily to be expected, and thus is required.

Appellant contends further that the following instruction to the jury was erroneous: "The test is whether in the light of all of the attending circumstances, all of them, a reasonably prudent person would have anticipated that injury was likely to result to *someone* from the performance of the act in question." (Emphasis supplied.) Appellant urges that the court should have instructed that the defendant had a duty only to foresee injury to social guests from an act or activity or a dangerous condition of the premises.

If an event causing injury appears to have been closely related to the danger created by the original conduct, it is regarded as within the scope of the risk, even though, strictly speaking, the particular injury would not have been expected by a reasonable man in the actor's place. 2 Restatement of the Law, Torts, 2d, 7, Elements of a Cause of Action for Negligence, Section 281, Comment g. The trial court's charge here was a correct statement of the law of foreseeability as announced in *Neff Lumber Co.* v. *First National Bank*, 122 Ohio St. 302, and followed in *Mudrich* v. *Standard Oil Co.*, 153 Ohio St. 31, 39: "It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." See, also, *Miller* v. *B. & O. Southwestern Rd. Co.*, 78 Ohio St. 309, 325; *Gedeon* v. *East Ohio Gas Co.*, 128 Ohio St. 335.

Appellant's argument confuses foreseeability as determinative of causation with foreseeability limiting duty. This has been a common mistake ever since the case of

*Palsgraf* v. *Long Island Rd. Co.* (1928), 248 N. Y. 339, 162 N. E. 99, where the issue of "foreseeability" was stated in terms of duty rather than proximate cause.[1] The trial court's instructions were sufficient to explain defendant's duty and the requirement of proximate cause according to the law of this state.

Finally, we are urged in this case to eliminate distinctions based upon the status of a visitor upon the premises and to adopt a rule of ordinary care under all the circumstances as the measure of the duty of a landowner or landoccupier.[2] This court, however, is convinced that a just measure of judicial restraint requires that this question be deferred to a later day and to another case.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS and DUNCAN, JJ., concur.

TAFT, C. J., O'NEILL and LEACH, JJ., concur in the syllabus and judgment only.

LEACH, J., of the Tenth Appellate District, sitting for HERBERT, J.

———

[1] A lengthy analysis of this most discussed and debated of tort cases is contained in Prosser, Torts (3 Ed.), 292.

[2] The writer believes that a man's life or limb does not become less worthy of protection or compensation because he has come upon the land for social rather than for business purposes. The amount of care required of a landoccupier should depend on ordinary care under all the circumstances, the specific purpose of his invitation or permission being one of the facts to be considered. As Judge Allen said in *Drew* v. *Gross*, 112 Ohio St. 485, 491:

"... As conditions change and modes of life alter, the duty to observe ordinary care in the use of one's own property, while not altering in its essentials, will alter in its details."

Immunities of landowners have been eliminated in the jurisdiction of their origin by legislative act, Occupier's Liability Act, 1957, 5 and 6 Eliz. 2, 302, Ch. 31, and limited judicially in several jurisdictions in this country. See *Rowland* v. *Christian*, 70 Cal. Rptr. 97, 443 P. 2d 561; *Taylor* v. *New Jersey Hwy. Authority*, 22 N. J. 454, 126 A. 2d 313; *Potts* v. *Amis*, 62 Wash. 2d 777, 384 P. 2d 825; *Gould* v. *DeBeve* (C. C. A. D. C.), 330 F. 2d 826.