DECISION AND JOURNAL ENTRY
Kathleen Massey appeals from the decision of the Lorain County Court of Common Pleas granting summary judgment to defendant Riser Foods, Inc. This court reverses.
 I.
On October 7, 1995,[1] Kathleen Massey purchased chicken from a Rini Rego Stop and Shop grocery store owned by Riser Foods, Inc. ("Riser"). Upon returning home she immediately cooked the chicken for soup, ate the soup, and the next morning experienced mild flu-like symptoms. Two days later, Massey was severely ill, and she was hospitalized twice over the next two weeks for a total of twelve days. Ultimately Massey missed work for a month following her initial symptoms.
On January 25, 1997, Massey sued Riser, asserting that the chicken was contaminated with salmonella. Massey's complaint contained counts of breach of implied warranty of fitness, sale of adulterated food in violation of R.C. 3715.52(A)(1), and negligent food preparation and handling. Massey claimed that she incurred over $12,000 in medical expenses, and that she incurred lost wages of over $2,200.
On January 7, 1998, Riser deposed Massey. Immediately upon filing the deposition with the court, Riser filed a motion for summary judgment. On November 4, 1998, the trial court granted summary judgment in favor of Riser, finding that Riser was entitled to judgment as a matter of law.[2] Massey filed this appeal, assigning two errors.
 II. ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN VIOLATION OF CIV.R. 56 WHEN IT ENTERED JUDGMENT IN FAVOR OF APPELLEE, RISER FOODS, INC., dba RINI REGO STOP AND SHOP, WHERE THE RECORD ESTABLISHES THAT THERE ARE GENUINE ISSUES OF MATERIAL FACT, AND APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 ASSIGNMENT OF ERROR NO. II.
 THE TRIAL COURT ERRED IN VIOLATION OF CIV.R. 56, WHEN IT ENTERED JUDGMENT ON APPELLANT'S THIRD CLAIM (THE CROSS-CONTAMINATION CLAIM), WHERE APPELLEE MERELY ASSERTED THAT APPELLANT DID NOT HAVE PERSONAL KNOWLEDGE OF THE STORAGE, PREPARATION OR HANDLING OF FOOD BY APPELLEE, AND WHERE APPELLANT HAD REQUESTED THE TRIAL COURT HOLD A DECISION ON THAT ISSUE UNTIL FURTHER DISCOVERY WAS COMPLETED.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. If the movant meets this burden, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id. at 293.
An appellate court reviews an award of summary judgment denovo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Like the trial court, the appellate court must view the facts in the case in the light most favorable to the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the non-moving party. Id.
In its motion for summary judgment, Riser pointed out that Massey had admitted in her deposition testimony that the chicken she purchased from Riser was never tested for contamination. Because Massey admittedly disposed of the chicken, Riser argued that the chicken could never be tested, and that therefore Massey could never produce evidence that Riser's alleged negligence in handling and selling the chicken proximately caused Massey's illness and her subsequent injuries. Thus, Riser argues that it was entitled to judgment as a matter of law.
Riser has not met its burden as the movant under Dresher. As Massey pointed out in her brief opposing summary judgment, the lack of direct evidence does not, by itself, vitiate a party's claim. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus.
Massey's deposition testimony was essentially the only evidence established in this case prior to Riser's motion for summary judgment. Viewing the facts in the light most favorable to Massey as the non-moving party, her testimony supplied very strong circumstantial evidence that, at minimum, there were genuine issues of material fact as to whether the chicken purchased from Riser was contaminated and whether it proximately caused her injuries.
Massey testified that on Friday, October 6, 1995, she had little or nothing to eat, as is her custom on Friday evenings after work. On Saturday, October 7, 1995, Massey had her usual breakfast of black coffee and orange juice, and yogurt for lunch. Later that afternoon Massey went into Riser's Rini Rego Stop and Shop store in Sheffield Township. She made her normal grocery purchases, which excluded any meat. Massey testified that she always purchases meat from a butcher. However, on that day, after buying the groceries and stopping next door at a card shop, Massey noticed that the weather was getting bad. So she decided that rather than traveling to the butcher's in the bad weather, she would buy chicken from Rini Rego, and then go home to make some chicken soup for dinner. Massey went back to Rini Rego and purchased the chicken.
Massey went home and immediately cooked the chicken in a soup pot for some forty-five minutes. Then she set aside some of the chicken for later use. Massey immediately placed the extra chicken into a covered plastic container, and put it into the refrigerator. Massey added some vegetables and finished cooking the soup, and when it was ready, she ate some. She testified that the chicken was tough, and generally tasteless. She did not even consume the whole bowl of soup. The rest of the soup she stored in a glass jar in the refrigerator.
On Sunday morning, Massey awoke with very mild symptoms of weakness and a total lack of appetite and "not wanting to smell or see food." Sunday evening Massey opened her refrigerator, and noticed a very strong odor. She opened containers to see if they contained spoiled food. When she opened the plastic container with the additional cooked chicken, a horrible smell emanated from the container, and the chicken had a green slime on it. She disposed of that chicken as well as the soup, in her food disposal unit.
Late Sunday night Massey began to experience a severe headache, and by Monday morning she experienced severe vomiting and diarrhea, which continued for two weeks. Massey had to be hospitalized twice, once for a week, and again for five days.
Clearly, at trial Massey would have to prove that the chicken was contaminated and that the contaminated chicken caused her illness. Any party is permitted to prove facts either by direct evidence or by circumstantial evidence. Jenks, supra. The record before the trial court and before this court on review, viewed in the light most favorable to Massey, contains strong circumstantial evidence that the chicken purchased from Riser was contaminated and that it caused Massey's illness. Riser based its motion for summary judgment on Massey's admission that the chicken was disposed of, and therefore never was and never could be tested for salmonella. However, Riser's motion for summary judgment has done nothing more than establish that Massey will have to rely on circumstantial evidence in proving her case.
Riser further argued that Massey cannot establish the breach of implied warranty of fitness, the sale of adulterated food, or the negligent handling. This is without merit. Massey will have to prove at trial that Riser had a duty of care to her, breached the duty, and the breach proximately caused her injury. Menifeev. Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75, 77, citingDi Gildo v. Caponi (1969), 18 Ohio St.2d 125. Riser clearly had a duty of care to Massey in its handling and sale of food. See, generally, Allen v. Grafton (1960), 170 Ohio St. 249; Brown v.McDonald's Corp. (1995), 101 Ohio App.3d 294. There is a genuine issue of material fact as to the contamination of the chicken Riser sold to Massey. The sale of adulterated food is prohibited by statute and thus constitutes negligence per se. Allen, 170 Ohio St. at paragraph two of the syllabus. The circumstantial evidence establishes a genuine issue of material fact as to proximate cause between the allegedly contaminated chicken and Massey's injuries.
Because Massey's claim of breach of implied warranty of fitness was not argued under R.C. 1302.27, Ohio's codification of implied warranty of merchantability, her claim must be based on a theory of negligence. See Brown, 101 Ohio App.3d at 302. Both the breach of implied warranty claim and the negligent handling claim, then, will ultimately require proof of negligence. Riser argues that because Massey does not have direct evidence of negligence by Riser, her claim of negligence is based on mere speculation. This assertion is without merit. Negligence can be established by circumstantial evidence. See, e.g., Becker v. LakeCty. Mem. Hosp. West (1990), 53 Ohio St.3d 202, 203; Reed v.Molnar (1981), 67 Ohio St.2d 76, 81.
Riser has not met its initial burden of "demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.)Dresher, 75 Ohio St.3d at 292. Consequently, Massey had no responsive burden. Because Riser has not met its burden, the trial court erred in granting summary judgment in favor of Riser.
Massey's first and second assignments of error are sustained as to the trial court's grant of summary judgment. As to Massey's claim that the trial court erred in proceeding to judgment without permitting further discovery, our reversal as to summary judgment renders this assignment of error moot.
 III.
Having sustained Massey's assignments of error, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this judgment.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., BATCHELDER, J., CONCUR.
[1] Massey's complaint listed the date as October 10, 1996. However, her deposition testimony clearly established that the incident occurred on October 7, 1995.
[2] The trial court's order also stated that "Plaintiff has failed to show that the Defendant was negligent or that such alleged negligence was the proximate cause of Plaintiff's injuries and damages." As this court has noted elsewhere, a non-moving party is not obliged to prove her case in order to withstand summary judgment. Westbrook v. Elden Properties (April 5, 2000), Lorain App. No. 98CA007257, unreported, at 3-4. She need only establish that there are genuine issues of material fact as to the elements ultimately to be proved at trial. Id.