DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Michael Maguire appeals the judgment of the Athens County Municipal Court, Small Claims Division, which granted damages in favor of Plaintiff-Appellee Jill Newstate, totaling $1,500.
 {¶ 2} Appellant argues that the trial court relied on "improper hearsay evidence" in reaching its decision. Appellant also argues that appellee failed to put forth sufficient evidence that the work appellant performed for appellee was not done in a workmanlike manner. Finally, appellant argues that appellee failed to mitigate her damages and destroyed "all material evidence" in the case by removing appellant's work and having it re-done by another contractor.
 {¶ 3} For the following reasons, we find appellant's arguments to be without merit and affirm the well-reasoned judgment of the trial court.
 I. The Contract, Construction, Defects, and Replacement {¶ 4} Plaintiff-Appellee Jill Newstate and Defendant-Appellant Michael Maguire entered into a written contract in which appellant agreed to make several improvements to appellee's property. This project involved the construction of retaining walls. Appellee agreed to pay appellant $3,844, which included material and labor, payable in three installments.
 {¶ 5} Appellant completed his work and was paid in full by appellee. Following that payment, the concrete poured by appellant and the mortar used in the block walls began to crumble, and the retaining walls cracked. Upon the advice of a number of other contractors, appellee had appellant's concrete work replaced. Appellee paid more than $3,000 for the replacement work.
 II. The Trial Court Proceedings {¶ 6} Appellee filed a complaint against appellant with the Athens County Municipal Court, Small Claims Division. The complaint alleged that the "[w]ork [was] not done properly," "mortar not `cured'," and that the "block wall [was] not structurally sound." The complaint sought $3,000 in damages.
 {¶ 7} Appellant responded to appellee's complaint by filing a counter-suit seeking $3,000 in damages under an undisclosed theory of recovery.
 {¶ 8} The trial court held a hearing on the parties' claims. At the hearing, appellee presented photographs of several phases of the project and the subsequent deterioration of the retaining walls. Appellee explained that the deterioration was caused by the mortar and concrete being applied and poured on days when it was too cold to do so. The cold weather prevented the mortar and concrete from curing properly.
 {¶ 9} Appellant testified that the cracks in the walls could have easily been repaired and did not necessitate the removal and replacement of the retaining walls.
 {¶ 10} Several e-mails between the parties were also introduced as exhibits.
 {¶ 11} Based on the testimony and photographic evidence, the trial court entered a judgment in favor of appellee in the amount of $1,500. The trial court specifically found that appellant had satisfactorily completed several of the tasks set forth in the contract, but that he did not install the retaining walls in a workmanlike manner. Appellant's counter-suit was dismissed with costs taxed to appellant.
 III. The Appeal {¶ 12} Appellant timely appealed the judgment of the trial court and presents the following assignments of error for our review.
 {¶ 13} First Assignment of Error: "Improper hearsay evidence from purported `experts' was admitted at trial, which the court relied upon in making its decision."
 {¶ 14} Second Assignment of Error: "Insufficient evidence, as a matter of law, was submitted at trial to determine that appellant materially breached his contract with appellee; that he failed to perform in a workmanlike manner; or that any such breach proximately caused appellee's damages."
 {¶ 15} Third Assignment of Error: "Appellee utterly failed to mitigate her alleged damages. She refused to allow appellant to examine the work and make any repairs. Appellee had virtually all of appellant's work removed without his knowledge or permission, and had the work re-done, thus destroying all material evidence in the case."
 A. Hearsay Evidence in Small Claims Court {¶ 16} Appellant argues in his First Assignment of Error that the trial court committed prejudicial error by relying on hearsay evidence in its judgment.
 {¶ 17} This court has previously noted, and appellant concedes, that:
 {¶ 18} "The Ohio Rules of Evidence do not apply to proceedings in the small claims division of a municipal court. Evid.R. 101(C)(8). Based on this rule, a small claims court has discretion to forego the formalistic application of the law of evidence in order to eliminate undue burdens on the parties either in proving or defending against claims." McCallen v. Keller (July 17, 2000), Scioto App. No. 00CA2695, citing Yeager v. Krohn (Oct. 22, 1999), Fulton App. No. F-99-007; Turnerv. Sinha (1989), 65 Ohio App.3d 30, 582 N.E.2d 1018.
 {¶ 19} A defendant who desires a more "formal" procedure may seek a transfer of the case to the regular docket of the court, pursuant to R.C. 1925.10. See McCallen, supra. Appellant did not seek a transfer from the small claims division to the regular docket and in fact filed his own counter-suit in the small claims division.
 {¶ 20} Since the Ohio Rules of Evidence do not apply in small claims proceedings, the trial court did not err in allowing the hearsay testimony, nor did the trial court err by considering the testimony when it rendered its judgment.
 {¶ 21} Additionally, we note that, "It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal." Herlihy v. Red's WreckerSrvc. (June 26, 1996), Gallia App. No. 95CA21. Appellant failed to raise this issue in the trial court and hence, it has also been waived. See id.
 {¶ 22} Accordingly, we overrule appellant's First Assignment of Error.
 B. Manifest Weight of the Evidence {¶ 23} Appellant's two remaining assignments of error essentially challenge the trial court's judgment as being against the manifest weight of the evidence.
 1. Standard of Review {¶ 24} Initially, we note that the judgment of a trial court should not be overturned as being against the manifest weight of the evidence if some competent and credible evidence supports that judgment. See C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. Factual findings of the trial court are to be given great deference on review because the trial court is in a better position "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273; see, also, Myers v. Garson
(1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742.
 2. Warranty to Construct in Workmanlike Manner {¶ 25} Appellee's claim against appellant was that he failed to construct the retaining walls in a workmanlike manner and that this failure on appellant's part necessitated the replacement of the block and concrete work.
 {¶ 26} "Breach of the warranty to construct in a workmanlike manner is a negligence action even though it may arise out of contract.Velotta v. Leo Petronzio Landscaping (1982), 69 Ohio St.2d 376,433 N.E.2d 147, paragraph one of the syllabus; Mitchem v. Johnson
(1966), 7 Ohio St.2d 66, 218 N.E.2d 594, syllabus. We note that the traditional elements of a negligence action are: (1) a duty to perform to a certain standard; (2) a breach of this duty; (3) causation; and (4) damages. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707; Feldman v. Howard (1967), 10 Ohio St.2d 189,226 N.E.2d 564." (Footnotes omitted.) Dillon v. Ferris (June 11, 1996), Lawrence App. No. 95CA25.
 {¶ 27} Appellee testified that when pouring concrete and laying block in cold weather, one needed to heat up the block and mortar or else the water used in the mortar and concrete mixtures would dry out too quickly and not allow the mixture to properly cure. This would then cause the concrete or mortar to become brittle and crumble, leaving the wall structurally unsound.
 {¶ 28} Appellee also testified that appellant did not take any steps to warm the blocks, mortar, or concrete when he worked on days when it was too cold. She also testified that because of the improperly cured concrete and mortar, the retaining wall was structurally unsound and needed replacing. Appellee also presented the court with photographic documentation of the poor construction and brittle and unsound walls to bolster her testimony.
 {¶ 29} Thus, the trial court's judgment, that appellant did not construct the retaining walls in a workmanlike manner, was supported by some competent and credible evidence. See C.E. Morris Co., supra.
 {¶ 30} Likewise, appellant's argument that appellee failed to mitigate her damages, in that the wall did not need "torn down" and rebuilt, also lacks merit. As we have already noted, appellee testified and presented photographs illustrating that the wall was structurally unsound and needed to be replaced due to the crumbling mortar and concrete. Necessarily, the trial court found her testimony and photographic evidence credible, as to at least a portion of the wall (i.e., $1,500 in damages rather than $3,000 in damages). We defer to the factual findings of the trial court. See C.E. Morris Co., supra.
 {¶ 31} Therefore, appellant's Second and Third Assignments of Error are OVERRULED.
 {¶ 32} Accordingly, we AFFIRM the well-reasoned judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ATHENS COUNTY MUNICIPAL COURT, SMALL CLAIMS DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.