DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Rose and Larry Sendejaz, appeal from the judgment of the Summit County Court of Common Pleas which granted the motion for directed verdict of Appellee, Wal-Mart Stores, Inc. ("Wal-Mart"). We affirm.
 {¶ 2} On April 27, 2001, Mrs. Sendejaz filed a complaint against Wal-Mart in order to recover for injuries she allegedly sustained while shopping at the Arlington Road store. Thereafter, the complaint was amended to add Mr. Sendejaz as a party to the proceedings. Discovery commenced and the matter was scheduled for trial.
 {¶ 3} A jury trial was held on May 13, 2003. At the close of Mr. and Mrs. Sendejaz's case-in-chief, Wal-Mart moved for a directed verdict. The trial court granted Wal-Mart's motion, indicating that the Sendejazes failed to meet their burden of proof with regards to their negligence claim. Mr. and Mrs. Sendejaz timely appealed, asserting one assignment of error for review.
 Assignment of Error
"It was an abuse of discretion for the trial court to enter a directed verdict for [Wal-Mart Stores, Inc.] as sufficient evidence was adduced to preclude granting the motion for directed verdict."
 {¶ 4} In their sole assignment of error, Mr. and Mrs. Sendejaz contend that the trial court erred in granting Wal-Mart's motion for directed verdict, pursuant to Civ.R. 50(A)(4). Specifically, they maintain that sufficient evidence was presented at trial concerning the claim of negligence and therefore the motion should have been denied. Mr. and Mrs. Sendejaz's arguments are not well taken.
 {¶ 5} Civ.R. 50(A)(4) provides that a directed verdict may be granted after the trial court construes the evidence most strongly in favor of the nonmoving party and finds that upon any determinative issue reasonable minds could come to but one conclusion which is adverse to the nonmoving party. Thus, the sufficiency of the evidence is examined and not the weight of the evidence or the credibility of the witnesses. Rutav. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69. If the nonmoving party has failed to present any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate.Hargrove v. Tanner (1990), 66 Ohio App.3d 693, 695, citing Hubner v.Sigall (1988), 47 Ohio App.3d 15, 16-17. However, if there exists evidence upon which reasonable minds may reach differing conclusions, a directed verdict must be denied. Posin v. A.B.C. Motor Court Hotel
(1976), 45 Ohio St.2d 271, 275. The granting or denial of a motion for directed verdict presents a question of law and is thus subject to de novo review on appeal. Schafer v. RMS Realty (2000), 138 Ohio App.3d 244,257.
 {¶ 6} When alleging a negligence claim, a plaintiff must present evidence establishing that the defendant owed plaintiff a duty of care, the defendant subsequently breached the duty, and the breach was the proximate cause of plaintiff's injury. Mussivand v. David (1989),45 Ohio St.3d 314, 318, citing DiGildo v. Caponi (1969), 18 Ohio St.2d 125. The existence of such a duty is a question of law for the court to evaluate. Id. In regards to premises liability matters, the duty owed is determined by the relationship between the owner of the premises and the injured party. Clark v. BP Oil Co., 9th Dist. No. 21398, 2003-Ohio-3917, at ¶ 8, citing Gladon v. Greater Cleveland Regional Transit Auth.
(1996), 75 Ohio St.3d 312, 315.
 {¶ 7} In the present case, Mrs. Sendejaz was a business invitee of Wal-Mart. Thus, Wal-Mart owed Mrs. Sendejaz the duty of ordinary care in maintaining its premises in a reasonably safe condition so that she was not unreasonably or unnecessarily exposed to danger. See Clark at ¶ 9, citing Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203. Additionally, invitees are to be warned of latent or concealed perils of which the business owner or building occupier has, or reasonably should have, knowledge. Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 52. An owner must not only use care to avoid injuring a customer through negligent acts, but also must "`inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable[.]'" Id., quoting Prosser on Torts (4 Ed. 1971), 392-93.
 {¶ 8} We note, however, that business owners are in no way insurers of a customer's safety, nor are they "insurers against all forms of accidents that may happen[.]" Paschal, 18 Ohio St.3d at 204. See, also,Clark at ¶ 9, citing Paschal at 18 Ohio St.3d at 204. Furthermore, it is the invitee who bears the burden of demonstrating that the premises were not in a reasonably safe condition. Clark at ¶ 9, citing Rogersv. Sears, 1st Dist. No. C-010717, 2002-Ohio-3304, at ¶ 3.
 {¶ 9} Upon review of the record, we find that Mr. and Mrs. Sendejaz failed to produce any evidence of Wal-Mart's negligence. Although there was extensive testimony relating to the various injuries Mrs. Sendejaz allegedly sustained when struck by a falling chair while shopping at Wal-Mart, no evidence was presented indicating that Wal-Mart's acts or omissions were responsible for the occurrence or that it knew, or should have known, of any dangerous condition for which it should have taken precaution. The mere assertion in the Sendejaz's complaint, that "Wal-Mart negligently failed to securely store its merchandise on the shelves," is not evidentiary material indicating that Wal-Mart acted in a negligent manner. Thus, we agree with the trial court's finding
"that there [was] no evidence of any negligence on the part of [Wal-Mart] in this [matter]; [and] that the state of the evidence [was] such that it [was] not sufficient and there [was] no colorable claim based upon the state of the evidence to present to the jury to support a liability finding[.]"
The court did not err in granting Wal-Mart's motion for a directed verdict. Consequently, Mr. and Mrs. Sendejaz's sole assignment of error is overruled.
 {¶ 10} Mr. and Mrs. Sendejaz's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J., Carr, J. concur.