OPINION
{¶ 1} Appellant Rasho Laughlin appeals the decision of the Mahoning County Court of Common Pleas entering summary judgment in favor of Appellee Auto Zone Stores, Inc. on his negligence claim. Appellant severely injured his hip when he slipped and fell entering the Market Street Auto Zone on a rainy day.
 {¶ 2} Appellant contends that genuine issues of material fact exist as to whether the hazardous condition that caused his injury was open and obvious. However, Appellant failed to provide any evidence that Auto Zone created an unreasonably dangerous condition, and, therefore, summary judgment in favor of Auto Zone was appropriate. The judgment of the Mahoning County Court of Common Pleas is affirmed.
 Facts {¶ 3} On July 26, 2004, Appellant, who was 79 years old, went to Auto Zone to buy a replacement bulb for a rear light on his car. (Laughlin Depo., p. 9.) It was raining and Appellant's shoes became wet as he walked through the parking lot. (Laughlin Depo., p. 12.) Appellant was wearing "moccasin-type shoes." (Blandon Depo., p. 24.) Appellant was in the process of entering the store when his foot slipped and he fell on the wet tile floor. (Laughlin Depo., p. 11.) Appellant acknowledged that he fell because the floor was wet, although he did not see water on the floor until after he fell. (Laughlin Depo., pp. 11-12.) Appellant believed that the water on the tile floor was tracked in by patrons of the store. (Laughlin Depo., p. 12.) *Page 2 
 {¶ 4} According to William Fletcher, who was a district manager for Auto Zone at all times relevant to the case at bar, it was Auto Zone's procedure to maintain a rubber-backed carpet over the tile floor immediately inside the entrance of the store where Appellant fell. (Fletcher Depo., p. 26.) Fletcher explained that the carpet was placed on the tile floor to make sure that patrons could safely enter the store regardless of weather conditions. (Fletcher Depo., p. 27.)
 {¶ 5} On the day at issue, the carpet had been removed from the front entrance because it was wet from the prior day's use. (Blandon Depo., p. 16.) Fletcher testified that if the carpet was saturated with water, employees were to remove the carpet, "get the mop bucket out," and make certain that any excess water was mopped off of the floor. (Fletcher Depo., p. 21.)
 {¶ 6} Tamika Blandon, who was the parts sales manager at the time, testified that, on rainy days, Auto Zone employees kept a mop and bucket at the entrance to the store to keep the floors clean. (Blandon Depo., pp. 6, 13.) She further testified that, although she did not remember who told her, employees are supposed to put out the orange warning cones when it was wet outside. (Blandon Depo., p. 11.) There were no safety cones or warning signs placed inside the doorway on the day that Appellant fell. (Laughlin Depo., p. 12.)
 {¶ 7} Auto Zone's procedure for waxing the tile floor requires that high traffic areas, like the entrance, have six coats of wax for proper protection. (Blandon Depo., Exh. B, p. 4-3.) Auto Zone utilized a coin test to determine if there was a sufficient amount of wax on the floor: scraping a quarter across the floor should generate a roll of wax approximately the size of a pea. (Blandon Depo., Exh. B, p. 4-3.) *Page 3 
 Standard of Review {¶ 8} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ. R. 56(C). Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,4 O.O.3d 466, 364 N.E.2d 267. When a court considers a motion for summary judgment the facts must be taken in the light most favorable to the non-moving party. Id.
 {¶ 9} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party'sclaim." (Emphasis in original.) Dresher v. Burt (1996),75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264. In other words, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. Brewer v. Cleveland Bd. ofEdn. (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023. *Page 4 
 Assignment of Error {¶ 10} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE WHERE QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER THE HAZARDOUS CONDITION WAS OPEN AND OBVIOUS AND AS TO WHETHER DEFENDANT-APPELLEE CREATED THE CONDITION."
 {¶ 11} To establish a claim of negligence in Ohio, a plaintiff must show the existence of a duty, a breach of that duty, and injury that directly and proximately results from breach of the duty. Menifee v.Ohio Welding Prods., Inc. (1984), 15 Ohio St.3d 75, 77, 15 OBR 179,472 N.E.2d 707, citing Di Gildo v. Caponi (1969), 18 Ohio St.2d 125, 127,47 O.O.2d 282, 247 N.E.2d 732, and Feldman v. Howard (1967),10 Ohio St.2d 189, 193, 39 O.O.2d 228, 226 N.E.2d 564. The existence of a duty in a negligence action is a question of law. Wallace v. Dept. of Commerce,Div. of State Fire Marshall, 96 Ohio St.3d 266, 274, 2002-Ohio-4210,773 N.E.2d 1018.
 {¶ 12} In premises liability situations, the duty that a landowner owes to individuals coming onto his property is determined by the relationship between the parties. Light v. Ohio University (1986),28 Ohio St.3d 66, 502 N.E.2d 611. The standard of care depends upon whether the entrant is characterized as an invitee, licensee or trespasser.Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315, 662 N.E.2d 287.
 {¶ 13} Typically, a customer who enters a store is a business invitee. An invitee is one who enters the premises of another by invitation for some purpose that is beneficial to the owner or occupier. Id. The owner has the duty to exercise *Page 5 
ordinary care and to protect the invitee by maintaining the premises in a safe condition. Presley v. Norwood (1973), 36 Ohio St.2d 29, 31,65 O.O.2d 129, 303 N.E.2d 81; Light, supra, 28 Ohio St.3d at 68,502 N.E.2d 611. The parties agree that Appellant was an invitee.
 {¶ 14} A premises-owner owes no duty to persons entering the property for dangers that are open and obvious. Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying this rule is, "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. BentleyConstr. Co. (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504.
 {¶ 15} For over seventy five years, Ohio courts have recognized that inclement weather creates an open and obvious hazard, and have shielded owners and occupiers from liability for accidents resulting from wet weather. The Supreme Court of Ohio has stated:
 {¶ 16} "It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail." S. S. Kresge Co. v. Fader (1927),116 Ohio St. 718, 724, 158 N.E. 174, 175.
 {¶ 17} In fact, the duty of ordinary care requires merchants to warn business invitees only as to latent or concealed defects of which the owner had or should have had knowledge. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 50, *Page 6 566 N.E.2d 698. The defect must constitute an "unreasonably dangerous" condition.Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46, 48-49,550 N.E.2d 517. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573,788 N.E.2d 1088, 1089-1090.
 {¶ 18} Negligence cannot arise from speculation and an accident gives no rise to the presumption of negligence. Parras v. Oil Co. (1953),160 Ohio St. 315, 116 N.E.2d 300, paragraphs one and two of the syllabus. The fact that a customer fell and was injured does not, standing alone, create an inference that the floor was unsafe; "[t]here must be testimony tending to show that some negligent act or omission of the storekeeper caused the customer to slip." The J.C. Penny Co., Inc. v.Robison (1934), 128 Ohio St. 626, 193 N.E. 401, paragraph four of the syllabus.
 {¶ 19} In order to avoid the application of the open and obvious doctrine, Appellant argues that he did not slip and fall solely because of the rain water on the floor. Instead, he argues a combination of factors caused his fall, including the rain, the six coats of wax on the tile floor, the missing rug, and the missing cones. (Appellant's Brief, p. 7.)
 {¶ 20} In Sorensen v. Federated Department Stores, Inc. (Feb. 7, 1989), Franklin App. No. 88AP-570, the Tenth District Court of Appeals examined several slip and fall cases where the alleged cause of the injury was polished or waxed floors. The court concluded that it is insufficient to merely show that the surface of a floor was slippery; rather, a plaintiff must establish that the surface on the floor was defective or improperly applied. Id. The Sorensen Court recognized that, "[allowing *Page 7 
the jury to decide this case [without evidence of defect or improper application] would be to allow the case to be decided on speculation rather than upon evidence of improper action by defendants." Id. at 3.
 {¶ 21} The same is true in the case at bar. Appellant did not offer any evidence that the water on the floor combined with the six coats of wax created an unreasonably dangerous condition. In fact, the only testimony regarding the cause of the accident was Appellant's own testimony that he slipped because his shoes were wet and other patrons had tracked rain into the store. There is simply no evidence, testimonial or otherwise, to support the argument that his fall was caused by the combination of the wax and the rain water. Likewise, there is no evidence that the surface of the floor was defective or that the wax was improperly applied.
 {¶ 22} Instead, Appellant appears to rely on Auto Zone's use of the carpet on a daily basis, and its policy for putting out the cones on rainy days, as an implicit acknowledgement that Auto Zone knew that the entry way, without them, constituted an unreasonably dangerous condition. Appellant contends:
 {¶ 23} "While Auto Zone did not place the water on the floor, it was aware at the time of the [sic] Laughlin's fall that: patrons would track in water on rainy days; that its floors contained a lot of wax; that it had removed the rug from the door area even though the rug was necessary to protect patrons entering the store on a wet floor; and, that patrons entering the store could not avoid the dangerous condition." (Appellant's Brief, pp. 8-9.)
 {¶ 24} Appellant's argument presupposes two interrelated facts that are not supported by any evidence: that the tile floor posed an unreasonably dangerous *Page 8 
condition; and that the rug was necessary to protect patrons entering the store. Without evidence that that the combination of the water and the wax created an unreasonably dangerous condition, there can be no duty imposed upon Auto Zone to warn its invitees. "An inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn." Goodwin v. The Kroger Co. (June 21, 1993), 12th Dist. No. CA93-01-009 citing Parras v. Standard OilCo. (1953), 160 Ohio St. 315, 116 N.E.2d 300, paragraph two of the syllabus.
 {¶ 25} Appellant has failed to demonstrate that Auto Zone created an unreasonably dangerous condition or that his accident was caused by a latent or concealed defect in the tile floor. As a consequence, the wet floor was an open and obvious hazard and Auto Zone had no duty to warn Appellant. Accordingly, Appellant's sole assignment of error is overruled and the trial court's entry of summary judgment is affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1