KEIL *v.* DEPARTMENT OF REHABILITATION AND CORRECTION.

(No. 87-12774—Decided
March 30, 1989.)

Court of Claims of Ohio.

*Steve J. Edwards,* for plaintiff.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Joyce B. Link,* for the state of Ohio.

FRED J. SHOEMAKER, J. On December 28, 1987, plaintiff, Ronald Keil, filed a complaint in this court against defendant, the Ohio Department of Rehabilitation and Correction. Plaintiff, who was an inmate at the Pickaway Correctional Institute at the time pertinent hereto, contends that defendant failed to provide him with appropriate instructions, safe working conditions, appropriate tools and protection devices when he was involved in a work project on prison grounds.

This action was tried before the court on March 13, 1989. The court has considered the evidence and arguments of counsel and renders the following decision.

## Findings of Fact

During the pertinent time period hereto plaintiff was an inmate under the lawful custody of the Pickaway Correctional Institute pursuant to R.C. 5120.16. On October 19, 1987, plaintiff was ordered, by an agent of defendant, to perform a work detail on the prison grounds, to wit: attach razor-barbed wire to the outer, chain-link fence of said institution.

In order to attach the razor wire, plaintiff and three other inmates were told to stand on wooden planks supported by scaffolding, which was erected on top of a wooden wagon being pulled by a tractor. The inmates were approximately eight to twelve feet above the ground when they were working. There were two wooden planks on top of the scaffolding. One wooden plank stretched the entire length of the scaffolding; the other plank, however, only went midway. The plaintiff was working on the side of the scaffolding which was supported by only one plank.

Two inmates were provided with wire hangers, with one end of the hanger bent into a hook, which were utilized to pull the razor wire close to the chain link fence so the other two inmates could clamp the razor wire and the fence together. The inmates worked in teams, *i.e.,* one inmate pulled the wire to the fence while the other would clamp it.

There were no metal bars surrounding the wooden planks to provide the inmates with some protection from falling. In addition, the inmates were not provided with any safety equipment, such as a safety belt. The inmates complained about the unsafe conditions, but were ordered to perform the job.

During the time in question, plaintiff was pulling the razor wire with the hanger device when the device snapped, sending plaintiff backwards off the plank falling to the ground. Plaintiff landed on his right arm, breaking it in several places. Surgery was subsequently performed on his right elbow and plaintiff had his arm in a sling for one and a half months.

Plaintiff's flexibility in his right arm has decreased. However, plaintiff will not incur further medical bills or lost wages due to the incident.

## Conclusions of Law

As aforementioned, the plaintiff alleges that the defendant was negligent during the course of the above stated scenario in that it failed to provide appropriate instructions, safe working conditions, and appropriate

tools and protection devices for the inmates working on the detail.

In *Fondern* v. *Dept. of Rehab. & Corr.* (1977), 51 Ohio App. 2d 180, 5 O.O. 3d 325, 367 N.E. 2d 901, the court held that an inmate working in a correctional institution is not an employee of the state of Ohio and therefore determined that a claim brought by a working inmate, as in the instant case, should be decided on the principles of ordinary negligence.

The *Fondern* court held that " '* * * [a]n injured prisoner seeking damages must prove that the negligence of responsible officials, or agents, of the state of Ohio is the proximate cause of his injury. * * *' " *Id.* at 183, 5 O.O. 3d at 327, 367 N.E. 2d at 903, citing *Watson* v. *Dept. of Rehab. & Corr.* (Mar. 16, 1976), Court of Claims No. 75-0204-SC, unreported.

In view that this is a negligence claim, the plaintiff has the burden of proof to show by a preponderance of the evidence that defendant was negligent under the circumstances. It is generally accepted in Ohio that the essential elements of negligence are (1) a duty of care owing to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) an injury proximately resulting from such breach. 70 Ohio Jurisprudence 3d (1986) 46, Negligence, Section 9; *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125, 47 O.O. 2d 282, 247 N.E. 2d 732.

It is evident that a prison setting produces circumstances which are atypical of the standard employer-employee relationship. In the instant case, as in other prison settings, plaintiff was required to follow orders, rules and regulations of said institution, which included directives given by guards.

In *McAfee* v. *Overberg* (1977), 51 Ohio Misc. 86, 5 O.O. 3d 345, 367 N.E. 2d 942, the plaintiff, a prison inmate, was injured when he fell from a farm wagon hitched to a tractor. This court determined that the state was liable for plaintiff's injuries proximately resulting from the failure of defendant institution to provide a safe and adequate means of transportation to a farm work area at the institution. The court stated:

"From all of the foregoing, *the facts and the law focus on the issue of foreseeability.* For if the combination of circumstances in this case could have *reasonably been foreseen,* bearing in mind that the state is not an insurer of possible injuries to inmates in custody, it would be liable. It is a close question to which reasonable minds may have different conclusions. Certainly plaintiff's injury was not unavoidable. So, the ultimate question is, who should bear the loss, if foreseeability is to be determined in plaintiff's favor. The fact is that plaintiff, as an inmate, *is without freedom of choice.*" (Emphasis added.) *Id.* at 95, 5 O.O. 3d at 350, 367 N.E. 2d at 947.

The court applied the same principles in *Rippy* v. *Dept. of Rehab. & Corr.* (Mar. 27, 1987), Court of Claims No. 85-11037-AD, unreported, affirmed (May 27, 1987), Court of Claims No. 85-11037-AD jud., unreported. In *Rippy,* the plaintiff, also a prison inmate, was injured as a result of defendant's failure to provide him with the proper tools to remove an electrical box attached to the ceiling of the repair shop. The court held that although the state is not an insurer of the safety of inmates, it will be liable for damages when safe and adequate means are not provided to an inmate to carry out a direct order. The court recognized, as in *McAfee, supra,* that a prisoner does not have the same relationship with his work supervisor as a civilian employee.

In the case at bar, it is undisputed that plaintiff and three other inmates were ordered to work, by defendant's agent, while standing on a scaffolding

structure that did not provide safety guardrails, nor were the inmates provided with any protection devices. Michael Hatcher and Rufus Moorehead, two of the other three inmates working on said detail, offered testimony which described the unsafe working conditions that they were forced to encounter on the day in question while working with plaintiff.

Upon review of the evidence, the court agrees with plaintiff's assertion that the working conditions presented by defendant were not reasonable and forced the inmates to work in an unsafe environment. In addition, under the circumstances presented, it was reasonably foreseeable that plaintiff would encounter a dangerous situation by obeying the defendant's agent's command. The court finds that plaintiff has shown by a preponderance of the evidence that defendant breached its duty to him in failing to provide a safe and adequate means in which to perform his work duties and that such breach was a direct and proximate cause of his injuries.

In regard to his injuries, the court has reviewed, among other things, plaintiff's medical records, x-rays, Dr. Zuelzer's deposition and defendant's exhibits. It is evident that plaintiff suffered a severe fracture of his elbow, requiring surgery which included the use of wires and screws to repair the injury. Plaintiff has lost some flexibility in the movement of his arm. Plaintiff's condition may improve in the future, but any improvement does not appear to be significant.

In an effort to determine an amount to effectively compensate the plaintiff for his injuries, the court has considered, among other things, the extent of plaintiff's injury, the pain and suffering experienced by him and the necessary medical care required as a result of the aforementioned incident. Upon review of the evidence, it is the determination of this court that the plaintiff has shown by a preponderance of the evidence that he has suffered damages in the amount of $22,500. Accordingly, judgment is rendered for the plaintiff and against the defendant for said amount.

*Judgment for plaintiff.*

FRED J. SHOEMAKER, J., retired, of the Court of Common Pleas of Franklin County, sitting by assignment.