[Cite as *Bozarth v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-2086.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD E. BOZARTH

Plaintiff

v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

Defendant

Case No. 2011-10967-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Ronald Bozarth, filed a complaint against defendant, the Ohio Department of Rehabilitation and Correction. Plaintiff, who at all relevant times was an inmate at the Madison Correctional Institution (MaCI), contends that defendant failed to provide him with proper safety instructions and equipment when he was involved in a work assignment on prison grounds.

{¶2} According to plaintiff, on October 5, 2009, he dislocated his shoulder and tore his right biceps during a mandatory assignment with the maintenance department at MaCI. Plaintiff related that, with the help of another inmate, he was holding a 350 lb. steel door in place when the door slipped from his grasp. Plaintiff recalled that the force of the door pulled his arm and caused severe injury. Plaintiff suggested that had a floor jack or other proper equipment been provided to him, the injury would not have happened. In addition, plaintiff implied that defendant has denied him a surgical repair such that he suffers pain and will continue to experience limited function and diminished strength with his right arm. In his complaint, plaintiff requested damages in the amount of $2,500.00, the statutory maximum damage amount allowed under R.C. 2743.10, plus

court costs and filing fees.  Payment of the filing fee was waived.

{¶3}    Plaintiff submitted copies of both the incident and inmate accident reports compiled by defendant.  Those reports were dated October 13, 2009, and recount the incident as described in the complaint.

{¶4}    Defendant denied liability and asserted that plaintiff failed to prove any breach of a duty of care.  Defendant maintained that plaintiff received job-specific training in safety practices between January and April 2009, once he was assigned to perform maintenance repair tasks.  Defendant referenced an April 20, 2009 form signed by plaintiff acknowledging he underwent two hours of training in the operation of "hand/power tools, lawn tools, mowers, tillers," and personal protective equipment to include ear/eye/hand protection, masks, clothing, and foot wear.  In addition, defendant contended plaintiff "was provided the proper, necessary equipment to safely work on the door."  Defendant noted that a shim was used to lift the door off the floor and then two or three inmates held the door in place in order to align the hinges.  Defendant denied there were any floor jacks or other safety equipment available for use in holding the steel doors in place while adjustments or repairs were made.

{¶5}    Defendant also argued plaintiff failed to prove that any alleged breach of a duty of care to plaintiff proximately caused the injury to plaintiff's biceps.  Defendant specifically noted both the lack of any statements from employees or other inmates who may have witnessed the incident and the time lapse from the date of alleged injury to the date the incident was reported.  Finally, defendant disputed plaintiff's damages claim inasmuch as plaintiff has been able to avail himself of the weight room and has not produced sufficient evidence to substantiate that he suffered any loss of function, that he received improper medical care, or that his injury "had a long-term debilitating effect."

{¶6}    Defendant submitted a copy of a report prepared by the MaCI Institutional Inspector, Jondrea Parrish.  The report documented plaintiff assisted with door installations in October 2009, that plaintiff reported the injury on October 13, 2009, and that plaintiff was diagnosed with a right proximal biceps rupture when he was evaluated by an orthopedic specialist on October 15, 2009. Parrish reviewed plaintiff's medical file and reported that plaintiff received pain medications, a restriction on heavy lifting, and a bottom bunk restriction during his convalescence from October through December

2009. Parrish concluded plaintiff's claims of "negligence, improper training, improper equipment usage, and lack of medical treatment" were unfounded.

{¶7} Plaintiff filed a response pointing out that the only safety training he received prior to the incident was limited to groundskeeping equipment and that he had no training in safety practices relative to heavy lifting. Plaintiff also reiterated that the use of a chain harness or a jack to lift and steady the solid steel doors would have prevented plaintiff's injuries. Plaintiff further explained that he was directed by a physician to exercise and that when he uses the weight room, he does not engage in any heavy lifting. Plaintiff noted that he has a visible defect in his right arm measuring approximately three inches long and two inches wide where his biceps "used to be." In addition, plaintiff estimated that he had lost approximately "30% of the strength in [his] right arm."

{¶8} Plaintiff submitted the affidavits of three inmates who stated they had observed plaintiff in the weight room and that he lifted only light to moderate weights at all times. Three inmates who were installing doors with plaintiff completed affidavits indicating they recalled plaintiff suffering an injury while they were all hanging doors. Inmate Vierling related he, "heard a popping sound" and heard defendant's maintenance supervisor, Mr. Clevenger, ask plaintiff, "if he was okay or not." Inmate Caudy declared that when plaintiff injured himself, Caudy heard a popping sound which he described as "[l]ike knuckles cracking; from his arm and or shoulder. [Plaintiff] then grabbed his arm in pain." Inmate Galusha also confirmed plaintiff was injured during the installation of a heavy steel security door. According to Galusha, he was helping plaintiff and inmate Caudy hold the door steady until Clevenger called Caudy to come and assist him, at which time the door fell and injured plaintiff's arm.

{¶9} In *Fondern v. Dept. of Rehab. & Corr.* (1977), 51 Ohio App. 2d 180, 5 O.O. 3d 325, 367 N.E. 2d 901, the court held that an inmate working in a correctional institution is not an employee of the state such that a claim brought by an inmate injured on a work assignment should be decided on the principles of ordinary negligence.

{¶10} Thus, in order to prevail, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St. 3d 79, 91, 2003-Ohio-2573, ,¶8 citing *Menifee v. Ohio Welding*

*Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App. 3d 132, 136, 20 OBR 166, 485 N.E. 2d 287. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142.

{¶11} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton,* 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶12} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶13} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The trier of fact finds plaintiff's assertions persuasive regarding both the lack of training for heavy lifting and the lack of safety precautions in place during the door installation. In addition, the trier of fact finds it was reasonably foreseeable that plaintiff would be injured while attempting to lift and hold steady a solid steel door under the conditions described by plaintiff and the inmate witnesses.

{¶14} In *Rippy v. Dept. of Rehab. & Corr.* (1987), 85-11037-AD, aff'd jud, the court held that the state may be liable to an inmate worker when safe and adequate

means are not provided to an inmate to accomplish an assigned task. See also, *Keil v. Department of Rehabilitation & Correction* (1989), 57 Ohio Misc. 2d 40, 41-43, 567 N.E.2d 324. The evidence tends to point to the fact plaintiff was injured when Clevenger summoned Caudy to help him and the remaining two inmates were unable to hold the door in place. The trier of fact finds defendant breached a duty of care to plaintiff in failing to provide a safe and adequate means in which to perform his work duties and the breach proximately caused plaintiff's injury.

{¶15} Defendant has reviewed plaintiff's medical records and does not dispute plaintiff suffered an injury to his right biceps which was treated conservatively with pain medication, work restrictions and rest. Upon review of the evidence, the trier of fact finds that plaintiff has provided sufficient credible evidence to prove that he has suffered pain and a loss of function from the damaged biceps, which in all likelihood will continue indefinitely. Accordingly, judgment is rendered for plaintiff and against the defendant in the amount of $ 2,500.00.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RONALD E. BOZARTH

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-10967-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,500.00. Court costs are assessed against defendant.


                      DANIEL R. BORCHERT
                      Deputy Clerk

Entry cc:

Ronald E. Bozarth, #380-510
1851 St. Rt. 56
P.O. Box 740
London, Ohio 43140-0740

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
12/22

Filed 1/27/12
Sent to S.C. reporter 5/10/12